UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TALMON HEGWOOD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 2887 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| MEIJER, INC., and CASEY STEFANO, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Talmon Hegwood, Jr. alleges in this suit under 42 U.S.C. § 1983 that his rights were violated by Meijer, Inc. and Casey Stefano, a police officer employed by the City of Berwyn, Illinois, in connection with his arrest by Stefano and other Berwyn police officers. Meijer removed the case to federal court. Doc. 3. Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Docs. 12, 14. Their motions are denied.

### Background

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Hegwood's briefs opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013). The facts are set forth as favorably to Hegwood as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage,

1

the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

On December 2, 2016, Stefano arrested Hegwood at a restaurant. Doc. 3-1 at ¶¶ 4-8. During the arrest, Stefano "battered, choked, and handcuffed Hegwood." *Id*. at ¶ 19. Accompanying Stefano were other Berwyn police officers and a "loss prevention agent" for Meijer, a retail store. *Id*. at ¶ 7. One of the other offices was Joseph Peterson, whom Hegwood had sued along with Berwyn in a prior lawsuit. *Id*. at ¶ 8. At some time prior to the arrest, "Stefano, Peterson, Berwyn's Chief of Police and others … met together and persuaded Meijer[] to falsely bring a false charge of shoplifting against Hegwood." *Id*. at ¶ 9. Consequently, the arrest report prepared by Stefano—which states that he responded to a reported retail theft at a Meijer location and then arrested Hegwood, who matched the description of the perpetrator and was in possession of twenty-six Chicago Cubs t-shirts with Meijer price tags and hangers attached, *id*. at pp. 24-25—contained "false material statements" intended to cover up the fact that there was no proper basis for the arrest, *id*. at ¶ 17. Hegwood was charged in state court with misdemeanor shoplifting. *Id*. at ¶ 13.

**Discussion**

Given Hegwood's allegation that Stefano choked him during the arrest, Stefano understandably does not seek dismissal of Hegwood's Fourth Amendment excessive force claim. Doc. 15 at 5 n.4. But Stefano does seek dismissal of Hegwood's Fourth Amendment false arrest claim on the ground that the complaint's factual allegations and the attached arrest report show that Stefano had probable cause for the arrest. Doc. 15 at 8-9.

"A finding of probable cause absolutely bars a claim for false arrest under § 1983," and "a complaint of … [a] single witness is generally sufficient to establish probable cause, unless

the officer has a reason to question the witness' account." *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007). However, Hegwood alleges that he did not commit shoplifting; that Stefano and his colleague Peterson, along with other Berwyn officers, met with Meijer to fabricate a shoplifting charge after Hegwood sued Peterson and Berwyn in another case; and that, pursuant to the conspiracy, Stefano fabricated the police report. Given these allegations, the court cannot conclude on the pleadings as a matter of law that there was probable cause to arrest Hegwood. *See Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (holding that the complaint stated a claim under Indiana law for malicious prosecution, which, like a § 1983 claim, requires the absence of probable cause, because "[k]nowingly false statements by the affiant cannot support a finding of probable cause, and as we read the complaint, that is all there was," and explaining that, "[a]lthough the district court may have assumed that there was other, non-tainted evidence against Alexander, such an assumption is not supported by anything in the complaint"); *Cartwright v. City of Chicago*, 450 F. App'x 539, 540 (7th Cir. 2011) (holding that the district court erred in granting summary judgment to the defendant police officers where the plaintiff "alleged that the officers lied about finding crack in her apartment and claimed that she was arrested without probable cause"); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015) (reversing a dismissal where the plaintiff "claim[ed] that he was detained improperly and prosecuted for charges based on evidence fabricated by the deputies and lies contained in their police reports"); *Wilkins v. DeReyes*, 528 F.3d 790, 805 (10th Cir. 2008) ("[I]f Plaintiffs' allegations are true, the officers obviously could not rely on fabricated evidence in evaluating whether probable cause existed to arrest and prosecute Plaintiffs."). Nor is Stefano entitled to qualified immunity, as the law was clearly established in 2016 that the Fourth Amendment prohibits police officers from performing arrests based on false evidence that they

3

themselves fabricated. *See Washington v. Haupert*, 481 F.3d 543, 551 (7th Cir. 2007) ("According to the plaintiffs, the police officers fabricated a police report in order to justify their arrests. A reasonable officer would have understood that what he was doing violated their right to be free from unreasonable seizure."); *Garcia v. City of Chicago*, 2012 WL 601844, at *7 (N.D. Ill. Feb. 23, 2012) (citing *Washington* and holding that "[i]t was clearly established in December 2007 that the Fourth Amendment prohibits a law enforcement officer from knowingly leveling false charges in a case report or criminal complaint").

Contrary to Stefano's suggestion, Doc. 15 at 8-9, the fact that Hegwood attached the arrest report to his complaint does not mean that he may be deemed to have accepted the truth of the report's contents, as the body of his complaint alleges that the report is false. *See Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004) (issuing an order to show cause against a defendant for arguing that the plaintiff, by attaching to his complaint the prison review board decision he was challenging, had in fact accepted the decision's validity and thereby pleaded himself out of court); *see also Schneider v. Cnty. of Will*, 366 F. App'x 683, 686 (7th Cir. 2010) ("Schneider cannot vouch for the accuracy of the guard's account, and its inclusion in his complaint is not a stipulation to its truth."); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 778 (7th Cir. 2007) ("[E]ven if the EEOC had attached the charge to its amended complaint, it would have adopted its allegations only if it relied on the charge to form the basis of its claims."); *Gale v. Hyde Park Bank*, 384 F.3d 451, 452 (7th Cir. 2004) ("[T]he plaintiff may tell the court what his adversary has said without throwing in the towel."). The same holds for the transcripts of Stefano's grand jury testimony attached to the complaint. Although Stefano is immune from damages liability for that testimony, *see Rehberg v. Paulk*, 566 U.S. 356, 368-69 (2012) (emphasizing that "this rule may not be circumvented by claiming that a grand jury witness

conspired to present false testimony"), Hegwood did not concede the testimony's truth by attaching it to his complaint. *See Carroll*, 362 F.3d at 986; *see also Schneider*, 366 F. App'x at 686; *Concentra*, 496 F.3d at 778; *Gale*, 384 F.3d at 452.

Meijer contends that the § 1983 claims against it should be dismissed because the complaint does not allege that the company was acting under "color of state law." Doc. 12 at 5. As the Seventh Circuit has explained: "A private person acts under color of state law when [it] is a willful participant in joint action with the State or its agents. This requires evidence of a *concerted effort* between a state actor and that individual." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (emphasis in original) (citations and internal quotation marks omitted). To state such a claim, Hegwood must plead facts sufficient to show that Meijer or its agents "had a meeting of the minds and thus reached an understanding with a state actor to deny [Hegwood] a constitutional right." *Wilson v. Warren Cnty.*, 830 F.3d 464, 468 (7th Cir. 2016) (citation and internal quotation marks omitted). "[M]erely call[ing] on the law for assistance" does not transform a private party into a state actor, "even though [the private party] may not have grounds to do so." *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989).

Hegwood has satisfied his burden at this stage, if just barely. The complaint does not merely utter the word "conspiracy" and leave it at that. *See Tom Beu Xiong v. Fischer*, 787 F.3d 389, 398 (7th Cir. 2015) ("It is well established that a bare allegation of a conspiracy between private and state entities is insufficient to bring the private entity within the scope of § 1983.") (citation and internal quotation marks omitted). Rather, as noted, the complaint alleges that after Hegwood sued Peterson and Berwyn in a prior suit, "Stefano, Peterson, Berwyn's Chief of Police and others … met together and persuaded Meijer[] to falsely bring a false charge of shoplifting against Hegwood." Doc. 3-1 at ¶¶ 8-9. These allegations, which provide a motive

for the conspiracy and allege an actual physical meeting where public and private actors agreed to violate Hegwood's constitutional rights, are sufficient to state a viable § 1983 claim against Meijer. *See Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) ("The parties to the conspiracy are clearly identified … and its purpose … is clearly if repetitiously stated as well. The dates on which particular defendants joined the conspiracy are not alleged, but that is not the kind of information that a plaintiff can be expected to have when she files her complaint.") (citation omitted); *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) ("[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with.") (alteration in original).

Finally, Defendants contend that the court should dismiss what they believe are state law and equal protection claims brought by Hegwood. Other than citing § 1983, the complaint does not articulate any particular causes of action, nor is it required to do so. *See United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 784 (7th Cir. 2016) ("The complaint was not required to include a legal theory, let alone a correct citation."); *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) ("Plaintiffs need not plead facts; they need not plead law; they plead claims for relief."); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("The complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."). So it is unclear at this point which legal theories (other than § 1983) Hegwood intends to pursue. All that needs to be said at this point is that Hegwood has viable § 1983 claims against Stefano and Meijer for Fourth Amendment false arrest and against Stefano for Fourth Amendment excessive force. Defendants may renew at summary judgment their attack on those causes of action as well as any others they believe Hegwood to be pursuing.

**Conclusion**

Hegwood's factual allegations may ultimately be proved false, but they are sufficient at this stage of the proceedings, when they must be believed, to survive dismissal. If Plaintiff has fabricated his allegations, Defendants will have their remedy, assuming they satisfy the applicable prerequisites. *See* Fed. R. Civ. P. 11(c). Defendants' motions to dismiss accordingly are denied. Defendants shall answer the complaint by December 8, 2017.

November 17, 2017

United States District Judge