IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



MAY 25 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

TALMON HEGWOOD, JR.,
    Plaintiff,
    -versus-

MEIJER, INC., and CASEY STEFANO,
    Defendants.

No. 17 cv 02887
Honorable GARY FEINERMAN, J.

2018 MAY 25 PM 12:17

## MOTION FOR JUDGMENT BY DEFAULT

NOW INTO COURT comes Talmon Hegwood, Jr. (Hegwood) proceeding pro se and respectfully moves the Court for judgment by default in his favor against Meijer, Inc, and Casey Stefano (Stefano). This motion is being made pursuant to Federal Rules of Civil Procedure Fed. R. Civ. P. 55 and Fed R. Civ. P. 37(b)(2)(c). The grounds for this motion are as follows:

1. Talmon Hegwood, Jr. (Hegwood) is the pro se plaintiff in the above captioned matter and the defendants are Meijer, Inc. and Casey Stefano (Stefano).

2. On or about March 1, 2017, Hegwood's COMPLAINT which was submitted to the Circuit Court of Cook County was "FILED" after the state tribunal scrutinized the pleading and granted Hegwood's

request for leave to proceed in that forum as a poor person. On April 17, 2017, defendants Meijer, Inc., and Stefano filed pleading in the Courts pursuant to 28 U.S.C. Sec 1441(b) and (c) removing the cause from the state Court to the United States District Court for the Northern District of Illinois.

3. Heywood's COMPLAINT which was verified and notarized on January 9, 2017 is actually a ten (10) page document with numerous exhibits annexed thereto and made a part thereof. It is annexed to defendant Stefano's "FED R CIV P 12(b)(6) motion to dismiss as Exhibit A (Doc #15-1-43 Heywood's COMPLAINT) (Doc # 1-16 Stefano's motion to dismiss). Among the ten (10) handprinted pages of the COMPLAINT filed by Heywood is a section styled "RELIEF" See Doc. #15- Pages 8, 9 and 10 "Page ID# 102, 103 and 104). The RELIEF section is reasserted, reiterated and restated here, verbatim and seriatim.

4. Attorneys for defendants filed appearances on April 17, 18, 2017 Docs # 4, 5 and 6 and defendants also filed motions for extension of time to answer, (Doc #7) which was granted by order of the Court entered into the record of this cause on April 19, 2017 (Doc. # 9).

5. On May 15, 2017 Meijer filed a motion to dismiss (Doc# 14) and a MEMORANDUM in support of its Fed.R.Civ.P 12(b)(6) motion (Doc # 15) and on May 16, 2017, Stefano filed a like Fed.R.Civ.P. 12(b)(6) motion (Doc # 16). At the time defendants motions were filed the seventy (70) year old pro se plaintiff was in a Hospital. In point of fact, however, Heywood contacted the Court's clerk, telephonically, and respectfully requested an extension of time to respond to the despositive motions filed by defendants and Heywood's oral request was granted (Doc # 21). On August 7, 2017, the Court granted Heywood one final extension of time to respond to the defendants' motions to dismiss to September 8, 2017 (Doc #28)

6. Realizing that with the stroke of a pen a United States District Court Judge is enabled to direct a five (5) star General to leave the battlefield in Iraq, Iran, Syria and Afghanistan; Hegwood a seventy (70) year old male adult African American citizen of the United States requested that this Honorable Court please appoint counsel to provide Hegwood with legal representation and leave to proceed in forma pauperis (Doc #24),(Doc. #35) which requests were denied by the Court (Doc # 30, 33, 36). Therefore, in compliance with the order of Court (Doc #28) Hegwood filed pro se plaintiff's response to defendants Meijer and Stefano's rule 12(b)(6) motions to dismiss (Doc # 38). On September 24, 2017, defendants filed replies to Hegwood's response to their motions (Doc # 43 (copy of which was never received by Hegwood) and (Doc. #44).

7. Insofar as Hegwood is concerned on or about November 17, 2017, the earth stood still; because that was the day United States District Court Judge, Honorable GARY FEINERMAN with the stroke of a pen signed a MEMORANDUM OPINION AND ORDER" (Docs. 48, 49 and 50 which denied defendants' Rule 12(b)(6) motions including defendants' desperation tactics relating to the requests for immunity from monetary relief for damages. The Court's order Doc#50 is incorporated.

8. Both defendants have clearly manifested a pattern of deception and discovery abuse and the defendants have worked together in their endeavour to be evasive which contumacious conduct reveal the defendant flat out refusal to accept the Court's authority in this litigation. Defendants have acted jointly and in bad faith and literally invited drastic sanctions. See Link v. Wabash Railroad Co, 370 U.S. 626 (U.S 1962); Connecticut Nat'l Mortgage Co v. Brand statter 897 F.2d 883 (7th Cir. 1990); Manatt v. U.S. Postal Service + Union Pacific R. Co., 122, F. 3d (8th Cir. 1997); Malone v. U.S. Postal Service, 833 F. 2d 128 (9th Cir.1987);

Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406 (9th. Cir. 1990). There is no question but that the Federal District Courts have the inherent power to impose sanctions particularly in light of findings that a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. F.A.C. Inc. v. Cooperative de Segurous de Vida de P.R. 563 F. 3d. 1. 6 (1st Cir. 2009) (quoting Chambers v. Nasco, Inc 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed 2d 27 (U.S. 1991).

9. On, November 17, the Court signed an ORDER directing Meijer and Stefano "answer the complaint by 12/8/2017" (Doc. # 49). Acting jointly defendant Meijer and defendant Stefano filed a pleading, both of them styled "ANSWER ..." on December 6, 2017 (Docs. 54 and 55). Acting jointly and ignobly defendants Meijer and Stefano both of them, knowingly, intentionally, deceitfully, evasively and systematically failed to answer plaintiff's handwritten pro se complaint relating to Heywood allegations, contentions and assertions regarding the defendants' conspiracy to:

    a. Attempting to manipulate the Court
    b. Manipulating the State's Attorney
    c. Manufacturing evidence
    d. Failing to produce favorable evidence
    e. Failing to cooperate with IRS investigation
    f. Failing to return Heywood's property
    g. Practicing racial discrimination
    h. Attempting to hinder State's Attorney

As a result of defendants' willful and deceitful failure on the part of Meijer, Inc. and Stefano to answer and/or plead Heywood and the Court has been precluded from addressing the issues asserted with implicit and succinct clarity in the "RELIEF" section of Heywood's verified complaint.

10. On April 24, 2018, Heywood executed and duly served defendants with this pro se plaintiffs "AFFIDAVIT FOR ENTRY OF DEFAULT" which was RECEIVED by the Clerk of Court on April 30, 2018. Heywood's affidavit for entry of default is required prior seeking a judgment. The facts

asserted in Hegwood's affidavit filed on April 30, 2018 are restate here verbatim and seriatim.

11. A long time ago during the period Hegwood was consistently attending schools of higher education, viz; colleges and universities he pleged a fraternity. One of the requirements for membership was to learn and be able to recite the Poem "IF" by the famous, learned, renowned and gifted Poet, Ruyard Kippling. Relevant to the cause at hand is Kipplings ters statents that:

> "If you can keep your head when all about
> you are losing theirs and blaming it on you.
> If you can trust yourself when others
> doubt you but make allowance for their
> doubting to. I
> If you can wait and not be tired of waiting
> or being lied about. Dont deal in lies or being
> hated and yet don't look too good nor
> talk too wise.
> If you can give the unforgiving minute, sixty
> seconds worth of distance run.
> If you can take one heap of all your winnings
> and risk it on the terms of pitch and toss
> and lose but start again and at you beginning
> never breath a word about your loss. Again
> If you can give the unforgiving minute, sixty
> seconds worth of distance run.
> The yours is the Earth and which is more
> you'll be a Man my son."

Young lawyers, Joe Sheahan, Esq., and Michael Durkin, Esq. has appeared on behalf of Meijer and Stefano. In point of fact, however, defendants are being represented in addition to the young lawyers by the Top Notch law firms Cunningham Meyer + Vedrine (defendant Meijer) and Storino Romello and Durkin. Needless to say defendants' lawyer are not only charged with the responsibilty of knowing the Fed.R.Civ.P. but also obeying them. If they do not the drastict sanction of judgment by default should be employed. <u>Sealift Bulkers, Inc. v. Republic of America Armenia</u>, 965 F. Supp 81 (D.D.C. 1997)

A less severe sanction than default will not help these young lawyers. To the contrary it will no doubt cripple them. For example, in the course of a conversation with Meijer's attorney Hegwood viewed video footage and respectfully photos. Counsel became a bit argumentative. Hegwood was forced to complain to the United States Magistrate Judge (MJ) and certain photos were produced. In point of fact, however, the downloaded still photos do not coincide with the dates given in defendant Meijer's: "INTERROGATORIES" TO PLAINTIFF" copy of which is annexed hereto and made a part hereof as Exhibit A. A copy of Hegwood's answers to Meijer's interrogatories propounded to Hegwood is annexed hereto, incorporated herein and made a part hereof as Exhibit B. An inspection and brief review of Exhibit A shall clearly reveal Meijer attempted to practice chicanery by questioning Hegwood about allegedly being in the Meijer store at 7111 Cermak Road Berwyn, Illinois on December 16, 2016. Hegwood was being held in detention at the Cook County Department of Corrections (CCDOC) on a shoplifting charge on December 16, 2016, as indicated by Hegwood sworn answers to Meijer Inc. interrogatories served on Hegwood four (4) days past the Court ordered deadline for serving written discovery. There is no question but a judgment by default should be entered against defendants in the amount of nine million nine hundred thousand ninety nine thousand dollars ($9,900,900.00) with interest from the date of the incidents that are described in Hegwood's handwritten pro se complaint. Defendants conspired and violated Hegwood's clearly estabilished constitutional rights. See Briscoe v. LaHue, (Cite Omitted) (citing Adickes v. S.H. Kress + Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (U.S. 1970); Manuel v. City of Joliet, ___U.S.___ 187 S.Ct. 911, 97 L.Ed.2d 312 (U.S. 2017). Now defendants have engaged in a "sordid scheme" to defeat Hegwood's valid claims. See Goodyear Tire + Rubber Co. v. Haeger ___U.S.___ 137 S.Ct. 1178, 197 L.Ed.2d 585 (U.S. 2017) (citing Chambers v. Nasco 501 U.S. 32.); State Farm Fire + Cas. Co. v. U.S. ex rel Rigsby, ___U.S.___ 137 S.Ct. 436, 196 L.Ed.2d 340 (U.S. 2016) and cases cited therein. The

defendant's interrogatories propounded to Hegwood also attempted to have him lie on himself by admitting Hegwood was in the Meijer Store on September 1, 2016. (See Exhibit A at Page # 2)

12. Annexed to Hegwood's motion to compel Stefano to answer Hegwood's Interrogatories (Doc # 93) as Exhibits F and G (See Footnote # 4) are copies of Hegwood's REQUEST FOR PRODUCTION OF DOCUMENTS and REQUEST FOR ADMISSIONS OF GENUINESS OF DOCUMENTS. Hegwood complained to the MJ that defendants were not cooperating and were, in fact, evincing bad faith. For example, Hegwood, pursuant to the Court's directives relating to written discovery (Doc. # 58) served on defendant Meijer his REQUEST FOR ADMISSIONS OF FACT copy of which is incorporated herein verbatim and seriatim and made a part hereof as Exhibit C. In point of fact, however, based on a case decided by the United States Court of Appeals for the Seventh Circuit before Hegwood was born let alone the Court, Meijer responded by objecting to each of Hegwood simple requests for admission which numbered less than twenty two (22). A copy of Meijer's: "DEFENDANT MEIJER, RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS OF FACTS" is incorporated here verbatim, seriatim and made a part hereof as Exhibit D. Defendants are in default and it is respectfully submitted that this Honorable Court should not hesitate nor be reluctant to strike the defendants' answers to the complaint and exercise its inherent power to regulate itself insofar as the Fed. R. Civ. P. and the Court's authority is concerned. See United States v Kari-Perez, 187 F.3d.1 (1st Cir. 1999). See also, Engineers Joint v. BBL Construction, 825 F. Supp. 13; Flaks v Koegel, 504 F.2d 702.

13. On or about April 24, 2018, Hegwood served on Meijer "PLAINTIFF'S RESPONSE TO DEFENDANT MEIJER'S FIRST SET OF REQUEST REQUEST FOR ADMISSIONS" copy of which is incorporated here verbatim, seriatim and made a part hereof as Exhibit E. And

possess no qualms about abusing the discovery process. For example, Meijer demanded that Hegwood respond to requests for admissions numbering a whopping sixty-two (62). Sadder-still-tragic, Meijer demanded Hegwood respond to the same banal, redundant and irrellevant admission relating to a date; March 29, 2018 when a photograph was provided to Hegwood. A copy of Meijer's: "DEFENDANT, MEIJER'S, FIRST SET OF REQUEST FOR ADMISSIONS" was filed into the record of the cause at hand on April 9, 2018 (Doc. #112) contrary to the Court's Local Rules. The MJ entered an ORDER (Doc. #113) directing the Clerk of Court to remove (Doc. #112) from the record. In point of fact, however, so this Honorable Court will be enabled to determine the errantness of the contemptable nature of defendant's inappropriate conduct, which is aimed at disabling the Court's ability to function successfully, Chambers v. Nasco, supra. See also, Clinton v. Jones, 520 U.S. 681, 117 S.Ct. 1636, 137 L.Ed. 2d 945 (U.S. 1997), this pro se plaintiff has annexed hereto as Exhibit F, a copy of Meijer's document previously designated as (Doc. #112) styled as described hereinabove and as stated the MJ' ORDERED that same be removed which alerted defendants (or should have alerted defendants that they must comply with the applicable provisions of the Fed. R. Civ. P and the Court's Local Rules.

14. In point of fact, however, in response to Hegwood's "REQUEST FOR PRODUCTION OF DOCUMENTS" served on Meijer on December 20, 2018, copy of which is incorporated herein, made a part hereof and annexed hereto as Exhibit G; Meijer again acted contrary to the Fed. R. Civ. P and the Court's Local Rules by filing into the record of our cause DEFENDANT, MEIJER'S, RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS on May 11, 2018 nearly five (5) months subsequent service.

---

1. The M.J., has done his absolute best to supervise discovery and this pro se plaintiff would be less than candid were he to neglect to advise that M.J. has

And as indicated advance groundless objections and falsely claim Heqwood five(5) as opposed to sixtytwo (62) simple requests for production of relevant and admissable evidence is "harassing." Meijer's document filed on May 11, 2018 is annexed hereto as Exhibit H.

15. In paragraph 11 hereinabove Heqwood quoted the most eloquent Ruyard Kippling. In point of fact, however, Heqwood forgot a relevant and terse conclusion of Kippling which states:

> " If you can force your mind, nerve and sinew to
> serve your turn long after you are gone and
> continue with the distance run - you'll be a Man
> my son.

(Quoting Ruyard Kippling) (Emphasis Mine)

16. The Court noted in its MEMORANDUM OPINION AND ORDER (Doc # 50) that Stefano "suggestion, Doc 15 at 8-9, the fact that Heqwood attached the arrest report to his complaint does not mean that he may be deemed to have accepted the truth of its contents" is ridiculous, moreover nescience and; the Court cited defendants to Carroll v. Yates, 362 F. 3d 984, 986 (7th Cir. 2004) (issuing an order to show cause against a defendant for arguing that the plaintiff, by attaching to his complaint the prison review board decision he was challenging, had in fact accepted the decision's validity ..." Defendants ignored the Court's clear messages and succinct hints; and, have violated the spirit if not the letter of Fed. R. Civ. P. 11. Would the Court be surprised if Stefano had sought to have Heqwood's excessive use of force claim dismissed on immunity grounds? Given the cavalier and ignoble manner in which the defendants have attempted to escape liability for the injury to Heqwood (the physical injury requiring surgery to Heqwood's neck) the pro se plaintiff would not have been surprised at all.

been more than "fair" to both sides. As a matter of fact during one of the status hearings, the M.J. instructed Heqwood to soften his tone in his writing and do not attack defendant's lawyers personally. Heqwood complied and wrote

Respectfully submitted,

*[signature]*

Talmon Heqwood, Jr. pro se
#20170620227 D-6-1-R-18
Post Office Box 089002
Chicago, IL 60608

Chicago, Illinois, this the \_\_\_\_\_ day of May, 2018.

## CERTIFICATE

I, Talmon Heqwood, Jr. hereby certify that I have served at least three (3) "meet and confer" letters to defendants, copies of which are annexed hereto and made a part hereof as Group Exhibit I.

I declare under the penalties of perjury the fact elaborated hereinabove are true and correct.

*[signature]*

Talmon Heqwood, Jr.  Date 05-22-18

SUBSCRIBED AND SWORN TO before me this the 22nd day of May 2018.

*[signature]* 5/22/18
NOTARY PUBLIC

"OFFICIAL SEAL"
Mellicent Ear
Notary Public, State of Illinois
My Commission Expires 12/5/2018

both young attorneys letters of appology. (See Group Exhibit I). In point of fact, however, defendant's continued disrespect for the Court persist. For example, on April 26, 2018, the M.J., addressed the plaintiff's request for admissions of genuiness of documents. On May 16, 2018, defendant Stefano served on Heqwood: "DEFENDANT CASEY STEFANO'S RESPONSE TO REQUEST FOR ADMISSIONS OF GENUINESS OF DOCUMENT" copy of which is annexed hereto, incorporated herein and made a part hereof as Exhibit J. A review of same reveals that a judgment by default in the amount of $9,999,999.00 is warranted See (Doc.# 114) which serves as an ORDER ... U.S. v Moreno, 181 F.3d 206 (2 Cir. 2009); Moses v Jiffy 240 F. 2d 702 (9th Cir. 1957)

10 of 10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TALMON HEGWOOD, JR.,                )
                                    )
    Plaintiff,                      )
                                    )  Case No.: 1:17-CV-02887
vs.                                 )  Honorable Gary Feinerman
                                    )  Magistrate Judge Daniel Martin
MEIJERS and CASEY STEFANO,          )
                                    )
    Defendants.                     )

## INTERROGATORIES TO PLAINTIFF

NOW COMES the defendant, MEIJER, INC., incorrectly sued as MEIJERS, and

pursuant to Federal Rule 26 of the Federal Rules of Civil Procedure propounds the following

interrogatories to the Plaintiff, TALMON HEGWOOD, to be answered under oath within

twenty-eight (28) days the following upon receipt hereof:

1.  State your full name as well as all names by which you have been known or
aliases, your date of birth, your present residence, and if married, the name of your spouse.

**ANSWER:**

2.  State the full name, address and telephone number of each person who witnessed
or claims to have witnessed the occurrence alleged in your complaint.

**ANSWER:**

3.  State the full name, address and telephone number of each person not named (in
no. 2 above) who was present or claims to have been present at the scene immediately before, at
the time of or immediately after said occurrence.

1

MOTION FOR JUDGMENT BY DEFAULT Exhibit A

**ANSWER:**

4.      Describe in detail the reason(s) for which you were at the Meijer Store located at 7111 Cermak Road, Berwyn, Illinois on December 16, 2016.

**ANSWER:**

5.      Describe in detail the reason(s) for which you were at the Meijer Store located at 7111 Cermak Road, Berwyn, Illinois on September 1, 2016.

**ANSWER:**

6.      Did you purchase merchandise from the Meijer Store located at 7111 Cermak Road, Berwyn, Illinois on December 16, 2016? If so, state the manner in which you paid for said merchandise.

**ANSWER:**

7.      Did you purchase merchandise from the Meijer Store located at 7111 Cermak Road, Berwyn, Illinois on September 1, 2016? If so, state the manner in which you paid for said merchandise.

**ANSWER:**

8.      Describe the facts and documentation on which Plaintiff bases his assertion that Meijer participated in a conspiracy with the City of Berwyn and others to breach Plaintiff's civil rights.

**ANSWER:**

9.      Identify any evidence of Meijer's correspondence with its alleged co-conspirators.

**ANSWER:**

10.     Identify the name and, if known, the address and telephone number of each person likely to have discoverable information that you may use to support your claim that Meijer conspired with the City of Berwyn and others. With respect to each such person, identify in as much detail as possible the discoverable information he or she possesses.

2

**ANSWER:**

11.     Have you suffered any personal injury or serious illness since the date of the occurrence alleged in the Complaint? If so, state when, where and in general how you were injured or became seriously ill and describe in general, the nature of the injuries or illness. State further the names or the doctors or medical institutions treating or examining you and the dates of said treatment or examination.

**ANSWER:**

12.     Have you ever filed any other suit or any worker's compensation claim for your own injuries? If so, state the court or forum in which the lawsuit or claim was filed, the year filed and the complete title and docket number of said case, and the name and address of any attorney or attorneys representing you.

**ANSWER:**

13.     Do you have statements of any witnesses to the occurrence or to the condition of the premises in question other than yourself? If so, give the name and address of each such person giving a statement, the date on which the said statement was taken and by whom, whether the statement given was oral or written, whether the statement has been transcribed and if so, who now had a copy of the transcribed statement.

**ANSWER:**

14.     List the names and addresses of all other persons (other than yourself and person heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

15.     Has the plaintiff ever been convicted of a felony or a crime involving dishonesty? If so, provide the date of the conviction, the case or file number, the county and state where conviction was entered, the nature of the offense, the name of the judge entering the judgment

3

and the nature and extent of the sentence.

**ANSWER:**

16.    Pursuant to Fed. Rule Civ. Pro. 26(a)2(A), provide the name and address of each expert who will offer any testimony and state:

(a)    The subject matter on which the witness will testify;
(b)    The conclusions and opinions of the witness and the bases therefor;
(c)    The qualifications of the witness; and
(d)    any reports prepared by the witness about the case.

**ANSWER:**

Respectfully Submitted,
MEIJERS.

By: _____
One of the Attorneys for Defendant

Amy J. Thompson
Joseph C. Sheahan
CUNNINGHAM, MEYER & VEDRINE, P.C.
*Attorneys for Defendant, Meijers*
One East Wacker Drive
Suite 2200
Chicago, Illinois 60601
312-578-0049

4

TALMON HEGWOOD, JR.,
    Plaintiff,

-versus-

MEIJER, INC., and CASEY STEFANO,

    Defendants.

NO. 17 CV 02887
Honorable GARY FEINERMAN, J.
Honorable MARTIN G. DANIEL, M.J.

## PLAINTIFF'S SUPPLEMENTAL AND AMMENDED
## ANSWERS TO DEFENDANT STEFANO'S INTERROGATORIES

On March 13, 2018, Talmon Hegwood, Jr. (Hegwood) served on defendants Meijer, Inc. (Meijer) and Casey Stefano (Stefano) copies of "PLAINTIFF'S ANSWERS TO STEFANO'S INTERROGATORIES". Hegwood's answers and responses, each of them, are reasserted and incorporated in the supplemental and and amended answers the United States Magistrate Judge, Honorable DANIEL G. MARTIN (M.J.) instructed Hegwood by "MINUTE entry" dated April 26, 2018. (Doc.#: 114).

On April 9, 2018, Hegwood served on Meijer and Stefano copies of "PRO SE PLAINTIFF'S ANSWERS AND AMENDMENT TO DEFENDANT STEFANO'S INTERROGATORIES." Hegwood's answers and responses, each of them, are reasserted and incorporated in the following supplemental and amended answers the M.J. instructed Hegwood by Minute entry (Doc.#114) to serve on Stefano's counsel.

At the outset it should be noted defendants have not filed a proper motion to compel answers to any specific interrogatory response heretofore provided by this pro se plaintiff. <u>United States v. 58.16 Acres of</u>

MOTION FOR JUDGMENT BY DEFAULT
Exhibit B-1

Land, 1975 U.S. Dist. LEXIS 12811, 20 Fed. R. Serv. 2d (Callaghan) 1100; Flour Mills of America, Inc. v. Pace 1977 U.S. Dist. LEXIS 13812; Inre Convergent Technologies Sec. Litigation 1985 U.S. Dist. LEXIS 14447.3 Fed. R. Serv 3d (Callaghan) 1290; Sperling v. Hoffman, 924 F. Supp 1396 (D.C N.J. 1996); Morris v. Lowe's Home Ctrs. 2012 U.S. Dist. LEXIS 153759; Santiago v. Health Partners, 2016 U.S. Dist. LEXIS 110623 (citing Pressley v. Boehlke, 33 F.R.D. 316 1963). See also, Kingsway Press, Inc v. Farrell Pub. Corp. 30 F. Supp. 775 (D C N.Y. 1939) (where Defendant objects to interrogatories claiming that the plaintiff seeks to acquire in advance of trial knowledge and information with respect to defendant's defenses. The defendant's motion to sustain the objections was denied. Id. at 776

Rule 33(5)(d) provides:

(d) OPTION TO PRODUCE BUSINESS RECORDS. If the answer to an interrogatory may be determined by examining, auditing, compiling or summarizing a party's business records (including electronically store information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

1. Please state the full name, address and telephone number of each and every person you believe witnessed any of the matters alleged in plaintiff's complaint.

ANSWER: PLAINTIFF'S ANSWERS TO STEFANO'S INTERROGATORIES fifteen (15) pages 'exclusive of Exhibits' executed on March 14, 2018 and duly served on defendants are reasserted, reiterated and incorporated here seriatim.

The PRO SE PLAINTIFF'S ANSWERS AND AMENDMENT TO DEFENDANT STEFANO'S INTERROGATORIES executed and duly served on defendants are reasserted and incorporated here. seriatim and verbatim. In tune with the April 26, 2018 order of the (MJ Doc #114) and as a supplement and amendment to Heywood prior answers and responses to Stefano's interrogatories Heywood would put defendant Stefano on notice that he believes Joseph Petersen witnessed matters in relation to Heywood's retaliation claims and contentions. However, Joseph Petersen's "name, address and telephone number is not within the scope of the knowledge of Heywood. In addition to former Berwyn Police officer Joseph Petersen Heywood believes the following persons also witnessed matters alleged in plaintiff's complaint.

M. Richardson
Deputy Clerk
Circuit Court of Cook County
1500 Maybrook Square
Maywood, IL 60153

Mrs. Deborah R. Stanisz CRS
Official Court Reporter
Circuit Court of Cook County
1500 Maybrook Square
Maywood, IL 60153

Mr. Mark Teague, Esq.
Assistant Public Defender
Office of the Public Defender
1500 Maybrook Square
Maywood, IL 60153

Mr. Thomas Comstock, Esq.
Assistant Public Defender
Office of the Public Defender
1500 Maybrook Square
Maywood, IL 60153

Thomas Dart, Esq.
Sheriff
Cook County, Illinois
County Building/ Daley Center
50 West Washington Street
Chicago, IL 60602

Mr. John Mueller
Deputy Director
Cook County Department of Corrections
2700 South California Avenue
Chicago, IL 60608
(773) 674-6810

Honorable Ramon Ocassio
Associate Judge
Circuit Court of Cook County
1500 Maybrook Square
Maywood, IL 60153

Edward M. Tovar
Police Officer
City of Berwyn
6401 West 31st Street
Berwyn, IL 60402
(708) 795-5600

The "PRO SE PLAINTIFF'S ANSWERS AND AMENDMEND

James Tadrowski
Berwyn Police Officer
Berwyn Police Department
6401 West 31st Street
Berwyn, IL 60402
(708) 795-5600

Achille J. Chiappetta
Berwyn Police Officer
Berwyn Police Department
6401 West 31st Street
(708) 795-5600

William S. Massuci
Berwyn Police Officer
Berwyn Police Department
6401 West 31st Street
Berwyn, IL 60402

Peter J. Podgorski
Berwyn Police Officer
Berwyn Police Department
6401 West 31st Street
Berwyn, IL 60402
(708) 795-5600

Joseph R. Pesa
Berwyn Police Department
Berwyn Police Officer
6401 West 31st Street
Berwyn, IL 60402

Armando Campos
Berwyn Police Officer
Berwyn Police Department
6401 West 31st Street
Berwyn, IL 60402

Kevin Lorr
Berwyn Police Officer
Berwyn Police Department
6401 West 31st Street
Berwyn, IL 60402

Michael Gallagher
Berwyn Police Officer
Berwyn Police Department
6401 West 31st Street
Berwyn, IL 60402
(708) 795-5600

Mrs. Charise Wood
Manager-ICE Team
Department of the Treasury
Internal Revenue Service
1973 N. Rulon White Blvd, MS 4110
Ogden, UT 84404
(801) 620-2169

2. For each and every person identified in your answer to Interrogatory Number 1, please state the subject matter of what you believe these persons witnessed.

A. Joseph Petersen was named in a civil rights complaint styled and numbered: Hegwood v. City of Berwyn. Joseph Petersen (Petersen) was present when Hegwood was arrested by Stefone. Peterson is also expected to testify that Hegwood contacted the Berwyn Police Department to report that an individual was attempting to molest a child. However, when Petersen arrived at the scene he arrested Hegwood and; charged Hegwood with shoplifting. Petersen was present in Court when Hegwood was sentenced to conditional discharge and eventually testified at a hearing concerning the revocation of conditional discharge; which resulted in an illegal nine (9) year sentence for shoplifting. A copy of the "ORDER OF COMMITMENT AND SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS" relating to Hegwood's arrest by Petersen is annexed hereto and made a part hereof as Exhibit A, and a copy of the "REPORT OF PROCEEDINGS revealing the nine (9) year illegal sentence was reversed and Hegwood was resentenced to a sentence for shoplifting that greatly exceeded the two (2) to five (5) year statutory maximum for a Class 3 felony is annexed hereto, incorporated herein and made a part hereof as Exhibit B. Hegwood believes Peterson, Edward M. Tovar (Tovar), James Tadrowski (Todrowski), Achille J. Chiappetta (Chiappetti), William S. Massuci (Massuci), Peter J. Padgorski (Podgorski), Joseph R. Pesa (Pesa), Amendo Campos (Campos), Kevin Lorr (Lorr), Michael Gallagher (Gallagher), Sand Scardama-glia (Scardamaglia) and the Berwyn Chief of Police shall confirm Hegwood's contentions that defendants met and concocted a plan which subjected Hegwood to violation(s) of his "clearly established" rights, privileges and

immunities secured by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the laws and Constitution of the United States. 42 U.S.C. Sec.1983; Sec.1985(3); Brady v. Maryland, 313 U.S. 83 (U.S.1983); Kyles v. Whitley, 514 U.S. 867 (U.S. 1995); Tillman v. Burge, 813F Supp 2d (N.D Ill. 2011); Ruiz-Cortez v. City of Chicago, 2016 U.S. Dist. LEXIS 148063 Saunders-El v. Rohde, 778 F. 3d 556 (7th Cir. 2015). Hegwood believes that the individuals named hereinabove will testify about facts that support his claims that defendants conspired and knowingly, intentionally and maliciously violated his rights under both the United States and Illinois constitutions which protect his right to be protected from unreasonable searches, seizures and unfounded charges. U.S. Const. amends IV, XIV; Ill. Const. 1970, art. I, Sec. 6; Maxon v. Dwyer, 2017 U.S. Dist. LEXIS (N.D.Ill. 2017); Manuel v. City of Joliet, copy of which is annexed hereto, incorporated herein and made a part hereof as Exhibit C.

Mrs. Deborah R. Stanisz (Stanisz) may be called as a witness at the trial by jury in the cause captioned above and is expected to testify that the Transcript (Exhibit B) is a true and accurate transcript of the Report of Proceeding conducted by Judge Thomas Tucker who resentenced Hegwood on June 14, 2012 to a term of imprisonment for eight (8) years when the statutory maximum penalty for shoplifting is five (5) years for a class 3 felony unless extended term is announced in open court and inserted in the. ORDER OF COMMITTMENT AND SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS which as revealed by the Exhibits A and B annexed hereto was not.

Mr. Mark Teague (Teague) may be called as a witness at the trial by jury to confirm that he received information from Internal Affairs

revealing Hegwood risked his own personal safety and prevented a deranged inmate from murdering a female staff member; Mrs. Caroll ONeil, at the Dixon Correctional Center.

Mr. Tom Dart (Dart) may be called as a witness and iether Dart or his designee is expected to testify that Hegwood was held in detention at the Cook County Department of Corrections (CCDOC) and was not afforded credit for time he served in connection with the illegal sentence that was imposed in connection with the arrest by Petersen Case Number 08 CR16309. Dart is also expected to testify that Hegwood was being detained at CCDOC. on September 1, 2016 and September 1, 2016 contrary to the assertions in "INTERROGATORIES TO PLAINTIFF" propounded to Hegwood by defendant Meijer. A copy of the March 1, 2016 "VERIFICATION OF INCARCERATION" provided by Dart is annexed hereto, incorporated herein and made a part hereof as Exhibit E and a copy of Meijer's interrogatories with the dates of incidents specified hereinabove, is annexed hereto and made a part hereof as Exhibit F. Dart is also expected to confirm that Hegwood was being detained at CCDOC on August 31, 2016, when defendant Meijer falsely asserted in "DEFENDANT, MEIJER'S FIRST SET OF REQUEST FOR ADMISSIONS" copy of which is annexed hereto and made a part hereof as Exhibit G, Hegwood was "present at the Store."

Mrs. Charise Wood (Wood) shall be subpoenaed to produce certain documents revealing Hegwood is the original IRS Whistleblower who provided information to the IRS and; Chief of Police for Berwyn refused to return certain materials to Hegwood pursuant to a Court ORDER that was germane to and needed to prove Hegwood's

contentions and caused Hegwood irreparable prejudice with regards to Hegwood's endeavour to secure an award from IRS in excess of three million ($3,000,000.00)

Mr. Tom Comstock (Comstock) may be called to testify and is expected to confirm that Meijers loss prevention agent Marcus Anderson (Anderson) was present at the Circuit Court of Cook County on or about December 7, 2017 and met with defendant Stefano. During the meeting the defendants agreed to leave instead of appearing before a judge and providing sworn testimony in support of their contentions that was asserted in the "COMPLAINT FOR PRELIMINARY EXAMINATION" (Doc.# ) copy of which is annexed hereto and made a part hereof as Exhibit H (which Anderson "Denied" signing in "DEFENDANT, MEIJER'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS OF FACTS" Anderson and Stefano agreed that Stefano would appear before the state grand jury and provide tripple hearsay, embellishments and known false testimony which denied Hegwood Due Process in relation to the false charge that was decided in Hegwood's favor. Hegwood was discriminated against by Meijer and Stefano as a result of Hegwood's race and religious beliefs. Denson v. Johnsburg, 2018 U.S. Dist. LEXIS 5079 (D.C.N.III.2018) (Citing Brunson v. Murray, 843 F.3d 698 (7th Cir. 2016).

Kevin Lorr (Lorr) is expected to testify that he prepared a document styled "OFFICIAL SWORN POLICE REPORT" (Doc.# 15-1 Page 13) in connection with the false shoplifting charge terminated in Hegwood's favor.

Michael Gallagher (Gallagher) is expected to testify that he prepared a document styled "OFFICIAL SWORN POLICE REPORT" (Doc.# 15-1 Page 14) in connection with the false shoplifting charge that was terminated in Hegwood's favor.

Nicholas Schiavonne (Schiavonne) is expected to testify that he prepared a document styled "OFFICIAL SWORN POLICE REPORT" (Doc # 15-1 Page 15) in connection with the false shoplifting charge that was decided in Heywood's favor. Schivonne will confirm information in Doc # 15-1-21)

Defendant Stefano is expected to deny that Stefano prepared a document styled "OFFICIAL SWORN POLICE REPORT" (Doc # 15-1 Page 16) stating Anderson: "showed Stefano.. a photo of... Heywood on or about December 2, 2016. The alleged offender's photo has disppeared and has caused Heywood irreparable. prejudice to his case-in-chief. Stefano also is expected to testify that Stefano prepared a six(6) page document styled "OFFICIAL SWORN POLICE REPORT" (Doc #s 17-19) falsely claiming Stefano "detained a subject later identified as"... Heywood near the restaurant's restroom. Heywood was arrested when **Stefano snatched** the door of the restroom open and grabbed Heywood around the neck while Heywood was holding his penis.

James Tadrowski (Tadrowski) prepared a document styled " OFFICIAL SWORN POLICE REPORT" (Doc. # 15-1 Page 20) stating TADROWSKI took photographs of the recovered property. Heywood believes TADROWSKI will admit that Tadrowski turned the photographs over to defendant Stefano and/or the State's Attorney.

Berwyn police officers Chiappeti, Massuci, Padrowski, Pesa and Campos will be called to testify and Heywood believes their testimony will confirm that they are the "ASSISTING OFFICERS" who aided and abetted in the arrest of Heywood on December 2, 2016 for shoplifting at Meijer.

3. Please state the full name, address and telephone number of each and every person you intend to call as a witness at trial.

ANSWER: PlaiNTIFF'S ANSWERS TO STEFANO'S INTERROGATORIES executed on March 14, 2018 and duly served on defendants are reasserted, reitterated and incorporated here verbatim and seriatim. The PRO SE PLAINTIFF'S ANSWERS AND AMENDMENT TO DEFENDANT STEFANO'S INTERROGATORIES executed and duly served on defendants on April 9, 2018 are also reasserted, reitterated and restated here verbatim and seriatim. Pursuant to the Minute entry of the MJ (Doc. #114) this pro se plaintiff supplement and amend Heywood two (2) prior answers as follows: Heywood's supplemental and amended answers to interrogatories numbers 1 and 2 are restated here verbatim and seriatim.

4. For each and every person identified in your answer to interrogatory No. 3 please state the subject matter of what you anticipate these persons will testify to at trial.

ANSWER: Plaintiff's supplemental and amended answers to interrogatories numbers 1-3 are restated and reitterated here verbatim and seriatim.

5. Please state the full name, address and telephone number of each person who was not present at the time of the matters alleged in Plaintiff's complaint to whom you have made statements and/or representations of any facts, events or occurrences of the alleged incident. ANSWER: Heywood "made" statements and/or representations of... facts events and occurrences of the alleged incident to

Honorable Eric Holder
former U.S. Attorney General
United States Dept. of Justice
950 Pennsylvania Ave, N.W
Washington, D.C. 20530

Honorable Jeff Sessions
United States Attorney General
United States Dept. of Justice
950 Pennsylvania Avenue, N.W
Washington, D.C. 20530

President Donald Trump
c/o Honorable Randolph Tex Alles
Director
U.S. Secret Service
Washington, D.C. 20500

Honorable James B. Comey, Jr.
former Director
Federal Bureau of Investigation
950 Pennsylvania Ave, N.W
Washington, D.C. 20530

6. Please state each and every fact that you believe, supports your position that there was no probable cause for your

arrest on or about December 2, 2016 for retail theft committed on or about August 11, 2015 under case number 16 CR 18843.

ANSWER: Hegwood's "PLAINTIFF'S ANSWERS TO INTERROGATORIES" executed and duly served on defendants on March 14, 2018 are reasserted, reitterated and incorporated here verbatim and seriatim. The "PRO SE PLAINTIFF'S ANSWERS AND AMENDMENT TO DEFENDANT STEFANO'S INTERROGATORIES" executed and served on defendants on April 9, 2018 are also reasserted, reitterated and incorporated here verbatim and seriatim. Nor did Hegwood commit any shoplifting from Meijer on August 31, 2016 as insinuated, alleged and contended in Meijer's REQUEST FOR ADMISSIONS OF FACTS recently served on Hegwood to which he has responded pursuant to the April 26, 2018 Minute entry of the MJ (Doc #114). As an amendment and supplement to Hegwood's prior two (2) ANSWERS to the propounded interrogatories this pro se plaintiff would point out that a police officer may conduct a brief investigatory stop of a person where the officer reasonably believes that the person has committed, or is about to commit a crime. Defendant Stefano lied when he stated in his "OFFICIAL SWORN POLICE REPORT" that Stefano "detained a subject later identified as Talmon Hegwood 03/14/48 near the restaurant's restroom." Stefano arrested Hegwood in the restaurant's restroom. Stefano was accompanied by Anderson as indicated by Stefano's OFFICIAL SWORN POLICE REPORT (Doc # 15-1 Page 18). Proof positive that probable cause for arresting and falsely charging Hegwood with shoplifting from Meijer or August 11, 2015 can be gleaned from the Circuit Court's disposition and the fact Anderson and Meijer insinuate and literally contend Hegwood is culpable for alleged shoplifting offenses that occurred on August 11, 2015, August 31, 2016, December 16, 2016 September 1, 2016 and December 2, 2016. Evidently all the different

an issue involved in the controversy presented in the pro se
plaintiff hand printed COMPLAINT filed in the Circuit Court of
Cook County prior to the favorable termination of the false
shoplifting charge filed by defendants Meijer, Stefano and
COP.

21. Admit that the photograph attached as Exhibit I depicts
you in the heath and beauty or personal care section of the.

dates of alleged shoplifting incidents were communicated by Anderson to Stefano and Berwyn police officers. In point of fact, Stefano, COP and others who conspired with defendants were out to get Heywood to prevent him from providing information to IRS, DOJ and FBI. Defendants were also motivated by a class based invidious discriminatory animus and wished to and have in fact caused Heywood physical, personal and mental harm; and numerous anxieties too numerous to mention. Because Heywood is African American is an insufficient basis for Stefano or any other police officer to arrest Heywood or any other dark skinned individual. Illinois v. Wardlow, 528 U.S.119 (U.S. 2000); Illinois v Lidster 540 U.S.419 (U.S.2004). Defendants totally and maliciously disregarded Heywood rights secured by both the United States and Illinois constitutions which protect Heywood and other American citizens' right to be free from unreasonable searches and seizures. U.S. Const. amends. IV, XIV; Ill. Const. 1970, art.1 § 6; United States v. Soko, 490 U.S.1 (U.S.1989)(quoting Terry v. Ohio, 392 U.S.1 1989); United States v. Bohman, 683 F.3d 861 (7th Cir.2012); United States v. Uribe, 709 F.3d 646 (7th Cir. 2013); People v. House, 141 Ill.2d 323 (S.Ct.Ill. 1990); People v. Close 298 Ill.2d 497 (S.Ct.Ill.2010); People v. Mitchell, 853 N.E.2d 900 (App Ill. 2006); People v. Suggs 57 N.E.3d 1261 (App.Ill.2016), People v. Faulkner, 2017 Ill.App.(1st)150027 (App.Ill.2017); People v. Booker, 2018 ILApp(1st)150682-U (App.Ill.2018); People v Scott 2018 Ill.App. U. LEXIS 635 (App.Ill.2018); People v. Harmon, 2018 Ill.App U. LEXIS 120 (App.Ill.2018); People v Procno, 2018 Ill.App. U LEXIS 287 (App.Ill. 2018); People v. Redd, 2018 Ill. App. U LEXIS 263 (App.Ill.2018); People v. Harris, 2018 Ill. App. U LEXIS 268 (App.Ill.2018); People v. Timmsen, 50 N.E.3d 1092 (App.Ill. 2018). The video footage from Popeye's Restaurant shall reveal that Anderson and Stefano are culpable for violating Heywood's Fourth Amendment rights. People v Thorpe 676 N.E.2d 717 (App.Ill.1997)

7. Please state each and every fact that you believe supports your position that there was no probable cause for your arrest at the Popeye's Restaurant located at 6953 Cermak Road on December 2, 2016, for retail theft committed on or about December 2, 2016 under case number 16 CR 18844.

ANSWER: PLAINTIFF'S ANSWERS TO STEFANO'S INTERROGATORIES executed and duly served on defendants on March 14, 2018 and the PRO SE PLAINTIFF'S ANSWERS AND AMENDMENT TO DEFENDANT STEFANO'S INTERROGATORIES executed and served on defendants on April 9, 2018 are also reasserted, reiterated and incorporated here. The prose plaintiff's supplement and amended to interrogatory number 6 hereinabove is reasserted here.

8. Please state each and every fact that you believe supports your claim that you were subjected to excessive force at the Popeye's restaurant located at 6953 Cermak Road on December 2, 2016.

ANSWER: Stefano used excessive force when he grabbed Hegwood by the neck and cut off Hegwood's breathing while Hegwood was in the restroom at Popeye's Louisiana Kitchen Restaurant. Hegwood nearly loss consciousness; however, someone demanded that Stefano: "let him go." Stefano eased his grip and demanded that Hegwood respond to his or Andersons' questions, i.e., what did you do with those T-shirts. Hegwood was in distress and unable to speak. Because it was obvious that no shirts were in the tiny size restroom. Stefano handcuffed Hegwood and he and at least four (4) other uniformed Berwyn Police officers led Hegwood to a patrol vehicle. As Hegwood was being led away he overheard someone, whom he believes was Anderson say: I got them. Evidently, Anderson had brought shirts which he placed on a seat inside of the Popeye's Louisiana Kitchen restaurant.

In further answer to defendant's interrogatory number 8 above this

Talmon Hegwood, Jr.
#2017−0620227
Cook County Jail
P.O. Box 089002
DIV2−D2−N−44
Chicago IL 60608
US

pro se plaintiff would point out that a claim like his that relate to unreasonable and unobjective force, in violation of the Constitution requires 1) an injury 2) which resulted directly and only from the use of force that was clearly excessive to the need and 3) the force used was clearly excessive and objectively unreasonable. Heguood sustained a very serious injury in that the choking by Stefano caused internal bleeding and a tissue mass in his neck. There is no question but that the facts, contentions and assertions in Heguood complaint and elaborated hereinabove and below supports Heguood's claim that he was "subjected to excessive force at the Popeye's restaurant at 6953 Cermak Road on December 2, 2016." Petonv. Przybylski, 822 F.2d 697 (7th Cir.1987); Cannon v. Burky bile, 200 U.S. Dist. LEXIS 14139; Johnson v. Morel, 876 F. 2d 477 (5th Cir.1989); Hogue v. Cushman, 2005 U.S. Dist. LEXIS 21663 (DC.IL.2005); Simmons v. v. O'Brien, 77 F. 3d 1093 (8th. Cir. 1996); Doyle v. Pasquino, 2006 U.S Dist. LEXIS 9718; Harper v. Harris County, Tex., 21 F.3d 597 (5th Cir.1994); Lavite v. Justus, 2007 U.S Dist. LEXIS 9777; Harris v. Harvey, 605 F.2d 330 (7th Cir.1979); Edwards v. Butler, 2009 U.S. Dist. LEXIS 25584; Lampkin v. City of Nacogdoches, 7 F.3d 430 (5th Cir.1993); Hall v. Ryan, 2006 U.S. Dist. LEXIS 76567; United States v. Gonzalez, 436 F.2d 560 (5th. Cir. 2006). It must by all means be noted and remembered that Stefano's conduct was also in direct contravention to the written "POLICY" of Berwyn Police Department relaiting to the "USE OF FORCE" copy of which is annexed to Heguood's motion to compel answers to interrogatories (Doc.# 93) and for the convience of defendants, a copy is annexed hereto as Exhibit I. Exhibit I at page 5 (top lefthand corner of document) and also marked "STEFANO

Talmon Hegwood, Jr.
#2017−0620227 :
Cook County Jail
P.O. Box 089002
DIV2−D2−N−44
Chicago, IL 60608

1:17−cv−02887

000033 (lower right hand corner) implicitly and explicitly forbid Stefano and other Berwyn police officers from attacking Hegwood and others similarly situated throat and/or neck areas. "Intentional impacts to the head and neck areas will be avoided unless the use of deadly force is reasonable and necessary."

9. Please separately identify and state each and every element of damage that you are seeking in this case as against defendant Stefano, including but, not limited to, the amounts being sought for loss wages, personal injury pain and suffering, emotional distress and/or punitive damages.

ANSWER: PLAINTIFF'S ANSWERS TO STEFANO'S INTERROGATORIES executed and served on defendants on March 14, 2018 are reasserted, reitterated and incorporated here verbatim and seriatim; and the "PRO SE PLAINTIFF'S SUPPLEMENTAL AND AMENDED ANSWERS TO DEFENDANT STEFANO'S INTERROGATORIES executed and served on defendants on April 9, 2018 are also reasserted, reitterated and incorporated here verbatim and seriatim. In tune and in compliance with the Court's Minute entry dated April 26, 2018 (Doc.# 114) this pro se plaintiff supplements and amends his prior two (2) answers as follows:

a. Hegwood has been deprived of inheritance with regards to a property comprising Hegwood's Cleaners + Tailors and is in debt in an amount in excess of two hundred fifty thousand ($250,000.00) as a result of the conduct of defendants

b. Hegwood has been injured in his mind, body and soul as a result of the unlawful conspiracy on the part of defendants Meijer, Stefano, COP and others aimed at and did, in fact deprive Hegwood of " clearly estabilished right, privileges and immunities secured by First, Fourt, Fifth, Sixth, Eighth and Fourteenth Amendments

Talmon Hegwood, Jr.
#2017−0620227
Cook County Jail
P.O. Box 089002
DIV2−D2−N−44
Chicago IL 60608
US

to the laws and constitutions of both the United States and the State of Illinois, all to Hegwood damage in an amount in excess of one million five hundred thousand dollars ($1,500,000.00).

c. Hegwood as stated hereinabove has been deprived of an award from the Internal Revenue Service IRS in an amount in excess of three million ($3,000,000.00) as a result of the delibert, intentional, willful and malicious not to mention retaliatory conduct of defendants.

d. Hegwood has been deprived of the $1,200. yearly voucher one thousand two hundred dollar he had been granted by the Chicago Housing Authority (CHA) as a rent subsidy as a result of defendant's intentional, willful, systematic, deceitful and malicious failure on defendants and their co-conspirators failure to return Hegwood's personal property to him in direct defiance of a Court "ORDER" dated February 27, 2017 signed by Honorable Ramon Ocassio, all to Hegwood's damage in an amount in excess of thirty five thousand dollars ($35,000.)

e. Hegwood's neck has been injured as a result of the excessive use of force on his person by Stefano and upon information and belief surgery is required and has been scheduled to repair his injury; all to Hegwood's damage in an amount exceeding one million five hundred thousand dollars ($1,500,000)

f. Hegwood is entitled to punitive damages in an amount in excess of ($3,000,000.) three million dollars with interest from the date of the occurrences and incidents described in Hegwood's complaint.

10. Please state the full name, address and telephone number of each and every person who has provided you with medical treatment for your injuries allegedly suffered as a result of your arrest on December 2, 2016.

ANSWER: Heqwood's "PLAINTIFF'S ANSWERS TO STEFANO'S INTERROGATORIES" and "PRO SE PLAINTIFF'S ANSWERS AND AMENDMENT TO DEFENDANT STEFANO'S INTERROGATORIES" executed on March 14, 2018 and April 9, 2018 respectively and duly served on defendants are reasserted here. verbatim and seriatim. Pursuant to the Minute entry (Doc.#114) of the M.J. Heqwood amends and supplement his prior two (2) answers as follows: Heqwood has sent correspondence to both attorneys whom are charged with the responsibility of providing legal advise and representation to defendants along with sixtyseven (67) pages of medical records compiled and prepared by Health Care Professionals (HCP) at the Berwyn Fire Department and MacNeal Hospital. Heqwood is seventy (70) years old and any injury to an elderly individual, no matter what his ethnicity and/or genderal is very serious. The medical records are the result of treatment administered to Heqwood on December 2, 2017. Heqwood was treated by:

Joseph Chiappetta and Ryan Denson whose reports are annexed hereto and marked on the back sides of the Exhibits as numbers 1-9. In MacNeal Hospital's EMERGENCY ROOM Heqwood was examined and treated by Dr. Judith Jean-Baptiste, EDMD who prescribed "500 mg DOSE pain medication to be administered "Every 6 hours (Medical Record Doc.#10) It should be noted that MacNeal Hospital is the Health Care facility Berwyn Police Department contract with and where ninety five percent (95%) of Berwyn police arrestees who require medical assistance are treated. Dr. Kyle Stang a resident at MacNeal, Nurse Anthony Defilip-PC(AD) also administered treatment to Heqwood on December 2, 2017. The telephone numbers for the Health Care Professionals is (708) 783-9100. Heqwood has also been examined and treated by the medical staff at John H. Stroger (Stroger) Cermak and Westlake Hospitals. Copies

Talmon Hegwood, Jr.
#2017−0620227
Cook County Jail
P.O. Box 089002
DIV2−D2−N−44
Chicago IL 60608
US

of Heqwood's medical records from Stroger, Cermak and Westlake Hospitals shall be provided to defendants subsequent to the HCP's compliance with subpoenas issued pursuant to Fed R. Civ P. 45.

11. Have you ever been convicted of any crime? If so, state the date of the conviction, the nature of the crime, and the penalty imposed. ANSWER: Heqwood has been convicted of a crime. Pursuant to the Court's ORDER (Doc #99) an updated rap sheet was provided by defendant Stefano and list not only the pro se plaintiff's conviction and nature of offenses but arrests as well. Heqwood, of course, shall provide additional Information when the FBI provides same pursuant to Heqwood freedom of information act request.

12. Have you ever been a party to any lawsuit. If so, state the full caption of the lawsuit including the docket number, the nature of the lawsuit and the ultimate outcome of the lawsuit. ANSWER: Heqwood has been a party to lawsuits as the defendants are cognizant and so advised the court on more than one occasion in a dishonorable attempt to prejudice Heqwood. The lawsuits Heqwood has been a party to are as follows:

Heqwood v. City of Berwyn, 2009 U.S. Dist. LEXIS 99385 (N.D. Ill. 2009)
Heqwood v. Weis et al. 2009 U.S. Dist LEXIS 71495 (N.D. Ill. 2009)
Heqwood v. Rodgers, 1996 U.S. Dist LEXIS 14477 (N.D. Ill. 1996)
Heqwood v. Carson Pierre Scott, et al. 1990 U.S. Dist. LEXIS 4385 (N.D. Ill. 1990)
Heqwood v. Shephard, 1987 U.S. Dist. LEXIS 7358 N.D. Ill. 1987)
Heqwood v. Jones-Tapia, et al. No. 17-CV-0128 (N. Dist Ill. 2017)
Heqwood v. IDOC You may contact my Attorneys at Heller Holmest Associates.
Heqwood v. Meijer, Inc and Casey Stefano No. 2017 L 2159 (Cir. Ct. Cook County)

Talmon Hegwood, Jr.
#2017−0620227
Cook County Jail
P.O. Box 089002
DIV2−D2−N−44
Chicago IL 60608
US

Hegwood is also a party to class action civil rights actions which causes shall be made available to defendants along with other requested information as soon as same is in the scope of Hegwood's Knowledge.

Respectfully submitted

Talmon Hegwood, Jr. pro se.
# 20170620227 D-6-1-R
Post Office Box 089002
Chicago, IL 60608

## CERTIFICATION

I, Talmon Hegwood Jr. certify under the penalties of perjury pursuant to 28 U.S.C. Sec, the facts asserted in my answers to interrogatories are true and correct.

Talmon Hegwood, Jr.

SUBSCRIBED AND SWORN TO before me, this the 14th day of May, 2018

"OFFICIAL SEAL"
Mellicent Ear
Notary Public, State of Illinois
My Commission Expires 12/5/2018

Melliat gm 5/14/18
NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TALMON HEGWOOD, JR.,
      Plaintiff,

  -versus-

MEISER, INC., and CASEY STEFANO,
      Defendants.

No. 1:17 cv 02887

Honorable GARY FEINERMAN, J.

Honorable DANIEL G. MARTIN, M.J.

## PLAINTIFF'S ANSWERS TO STEFANO'S INTERROGATORIES

INTERROGATORY No. 1: Please state the full name, address and telephone number of each and every person you believed witnessed any of the matters alleged in the complaint.

ANSWER: Federal Rule of Civil Procedure (Fed. R. Civ. P) 33 4(c) provides in pertinent part as follows: "OPTION TO PRODUCE BUSINESS RECORDS. IF the answer to an interrogatory may be determined by examining, auditing, compiling or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Defendant Stefano initially perjured himself and conspired with defendant Meijer, Inc., to cover-up where Hegwood was arrested. Stefano and others prepared reports with fallous information and embellishments asserted therein. In the defendant's reports, including but not limited to the INCIDENT REPORT prepared by Meijer, OFFICIAL SWORN POLICE REPORTS, ARREST REPORT prepared by law enforcement personel for the city of Berwyn, REPORT OF GRAND JURY PROCEEDING(S), MOTION and pleading filed in the Circuit Court of Cook County, Illinois (sitting in Maywood), ORDER of Honorable RAMON OCASSIO dated February 27, 2012 (which dismissed the false, shoplifting charge) over the OBJECTION and demand for trial by jury of TALMON HEGWOOD, JR. (Hegwood) Plaintiff herein and in the more than seven hundred seventy (776) pages of documents which Hegwood secured via a SUBPOENA to produce and of which Hegwood and the Honorable DANIEL G. MARTIN United States Magistrate Judge offered to counsel of record for both Meijer and Stefano. Hegwood produced the seven hundred seventy six (776) pages of documents to defendants' counsel pursuant to the ORDER of the Court dated February 8 2018 (Doc #, 84). In point of fact, defendants can secure copies of the 776 pages of documents by contacting Mr. Nicholas Scouffas, Esq., General Counsel for the Cook County Sheriff which will no doubt provide the name(s) addresse(s) and telephone number(s) of any and all persons who may perceivably have facts within the scope of their knowledge relating to "the matters alleged in Plaintiff's

COMPLAINT.

INTERROGATORY No. 2: For each and every person identified in your answer to Interrogatory No. 1, please state the subject matter of what you believe these persons witnessed. The information provided in the documents referred to in this pro se Plaintiff's ANSWER to INTERROGATORY No. 1, is reasserted here. The videos and photographs are what is commonly referred to as "silent witnesses" and under the silent witness theory the evidence speaks for itself. The field of inquiry attributed to Fed.R.Civ.P. 33 is as broad as the scope of examination under Rule 26(a). Useful information can be gleaned also from an inspection and review to Heqwood's "PLAINTIFF'S INTERROGATORIES" and "PLAINTIFF'S ANSWERS TO INTERROGATORIES" propounded to Heqwood by defendant Meijer, Inc. coconspirators whom defendant Stefano collaborated with. The subject matter of what Heqwood "believe" the persons witnessed in the Meijer store and the Popeye's Chicken Restaurant concerns at least six (6) different Berwyn Police unmarked and marked patrol vehicles and at least seven (7) different uniformed Berwyn Police officers each wearing uniforms, badges indicating their conduct is authorized by State Law and displaying weapons, i.e., nine millemeter guns, thirtyeights, fourty-fives and three fifty seven (357) magnums. The documents that were prepared by defendants Stefano and Meijer and approved by the Chief of Police (COP) for Berwyn Police Department (BPD) are in the possession of Stefano. The document produced by the United States Attorney for the Northern District of Illinois are accessable by utilizing the Court's CM/ECF System. Heqwood's

response to defendant Meijer notice for production of document complete copy of which has been duly served on Stefano's Attorneys is incorporated herein by reference. It should be noted that under Fed. R. Civ. P. 33 Heywood is accorded the right to invoke such protective orders under Rule 33 as are appropriate to the situation, including but not limited to individuals whom are attempting to aid defendants Meijer, Inc., Stefano and the unnamed conspirators employed at the CCDOC whose overt acts in furtherance of the conspiracy include but is not limited to tampering with mail to and from the Court and denying Heywood access to the law library and facilities for its use in a meaningful manner. INTERROGATORY No. 3 Please state the full name, address and telephone number of each and every person you intend to call as a witness at trial.

Honorable Kimberly Fox
States Attorney
Cook County Illinois
Richard J. Daley Center
50 West Washington
Chicago, IL 60602

Honorable Dorothy Brown
Clerk,
Circuit Court of Cook County
Richard J. Daley Center
1500 Maybrook Square
Maywood, IL 60154

Mr. William G. McKinsey
Section Chief
U.S. Department of Justice,
Federal Bureau of Investigation
Criminal Justice Information Services
100 Cluster Hollow Road
Clarksburg, WV 26306-0001

Mrs. Mary Johanna Grieb
Schiller Preyer
Attorneys - At - Law
Attorney Registration
(will provide address)
Chicago, IL 60601

Mrs. Charise Wood
Manager - ICE Team, Ogden
Department of the Treasury
Internal Revenue Service
1973 N. Rulon White Blvd. MS 4110
Ogden, UT 84404

INTERROGATORY No. 4: For each and every person identified in your answer to Interrogatory No. 3, please state the subject matter of what you anticipate these person will testify to at trial.
ANSWER: Heqwood intends to elicit testimony from Honorable Kim Fox that the documents; viz. Grand Jury Testimony of Stefano are accurate REPORTS OF PROCEEDINGS relating to the shoplifting charge that was decided in Heqwood's favor. Heqwood also intend intend to elicit testimony revealing CAS 16 CR 18843 was initially conceived after Anderson conspired with others and signed a "COMPLAINT FOR PRELIMINARY EXAMINATION" copy of which is annexed hereto, incorporated herein and made a part hereof as Exhibit A, with shoplifting from "Meijers Grocery Store in violation of 720 ILCS 5/ 16 A - 3(3). The prese, Plaintiff will also elicit testimony revealing Honorable Judge Ramon Ocassio signed an "ORER" copy of which is annexed hereto and made a part hereof as Exhibit B, mandating "that the shoplifting charge People v. Heqwood, No. 16 CR 18843 is dismissed. Annexed hereto, Incorporated herein and made a part hereof as Exhibit C is a copy of a Court Document or document revealing Heqwood demanded trial and put defendants on notice that he intended to file a civil complaint demanding monetary, declaratory and injunctive, relief on or about January 23, 2017 a month prior to the ORDER dismissing the false, shoplifting charge. Berwyn police knowingly, intentionally deceitfully and maliciously failed to advise Honorable Kimberly Fox that the "26 T-Shirts" referred to In the second "COMPLAINT FOR PRELIMI- NARY EXAMINATION" copy of which is annexed hereto, Incorporated herein as Exhibit C₂ was "Recovered from: BUSINESS" as indicated by

the BPD "EVIDENCE/PROPERTY FORM" Defendants Meijer and Stefano, both of them, should be ashamed for practicing a fraud upon the State's Attorney, Circuit Court and Hegwood. Now Stefano and Meijer expect their Attorneys to "part the red sea" in a desperate, and ignoble attempt to escape civil liability in an ignoble manner. And, it is very doubtful the Court will manifest any reluctance with regards to imposing available sanctions on the recalcitrant party who may invite such a response. As a matter of fact the Court hinted at the possibility in its MEMORANDUM OPINION AND ORDER dated September 14, 2017 which denied defendants' motion to dismiss. There is no question but defendants have caused the pleadings to be multiplied and come very close crossing the line where Fed.R.Civ.P. 11 is concerned. For example, under no charitable stretch of the legal imagination should there be three (3) different Court orders that concern photographs (which anyone with common sense realize had to have been turned over to the State and Hegwood during the malicious prosecution in the Circuit Court). See 28 U.S.C.S. §1927; Toyo Tire + Rubber Co. v. Atturo Tire Corp. 2015 U.S. Dist. LEXIS 22.. Another example is defendants claim that they mailed letters to "Law Librarians Carmella Richardson (Richardson) and Muriel Gautier (Gautier) both whom responded to Hegwood's administrative remedy complaint "Grievance # 2018 02226" on February 27, 2018 by stating Richardson and Gautier "DID NOT" receive 1/26/18 letter from Meijer's counsel relating to the hearing had on February 27, 2018. CCDOC staff initially ordered Hegwood to leave the law library because they were unaware of the hearing scheduled by the Court. A copy of the Grievance/Response is annexed hereto, incorporated herein and made a part hereof as Exhibit E.

1. Stefano's name is on the EVIDENCE PROPERTY FORM which is marked Exhibit D

INTERROGATORY No. 5: Please state the full name, address and telephone number of each and every person who was not present at the time of the matters alleged in Plaintiff's Complaint to whom you have made statements and/or representations of any facts, events or occurrences of the alleged incident.

ANSWER: OBJECTION. Hegwood provided a short, plain and detailed statement of facts in his original COMPLAINT filed in the office of the Clerk of the Circuit Court of Cook County which defendant Meijer and Stefano elected to have removed to the Forum which most of the time; a haven of refuge for Hegwood and others whom are powerless, friendless, penniless but nonetheless find the wherewithall and seek to redress the deprivation of our rights that are "clearly established" by the laws and Constitution of the United States. Every American citizen who has access to a computer and the Courts " Electronic Case Filing (ECF) System. Defendants propounded such a nescience query to this pro se Plaintiff; obviously as a result of Hegwood's affidavit(s) of service annexed to his pleadings. Well, Hegwood would point out that he has been communicating via correspondence with the United States Secret Service (SS), DOJ, FBI, CBS, SunTimes routinely for more than fourty (40) years. Hegwood has never solicited any funds nor complained falsely or unmeritoriously. As a matter of fact, communicating with FBI, DOJ and others has kept Hegwood alive, contrary to the desires of defendants who have and continue to conspire to cause Hegwood substantial personal prejudice, irreparable harm if not death.

INTERROGATORY No. 6: Please state each and every fact that you believe supports your position that there was no probable cause for your arrest on or about December 2, 2016, for retail theft committed on or about August 11, 2015, under case number 16 CR 18843.

ANSWER: Heywood did not commit any retail theft on August 11, 2015, December 16, 2016, nor on September 1, 2016, as was referred to in the document "INTERROGATORIES TO PLAINTIFF" propounded to Heywood by defendant Meyer. Meijer, Stefano, COP and others known and unknown conspired inter se, to cover-up the fact that there was no probable cause for the arrest, battery, search and seizure of Heywood on December 2, 2016 nor for the false charge relating to the alleged shoplifting offense that Anderson stated occurred on December 2, 2016. The defendants' conspiracy violated Heywood's clearly established rights, privileges and immunities secured by the Fourth, Fifth, Sixth and Fourteenth Amendments. See, Johnson v. Miller, 680 F.2d 39 (7th Cir. 1982); Moore v. Marketplace Rest. Inc., 754 F.2d 1336 (7th Cir. 1985); Gramenos v. Jewel Cos., 797 F.2d 432 (7th Cir. 1986). Defendant Meyer and Stefano knew there was no probable cause for the arrest of Heywood in the toilet at the Popeye's Louisiana Kitchen; which is the reason Anderson left the Courthouse after meeting with Stefano on or about December 7, 2016; and therefore, Heywood is entitled to damages. See Brooks v. City of Chicago, 2017 U.S. Dist. LEXIS 46269. Meijer and Stefano attempted

to and did in fact mislead the states Attorney by lying to the Grand Jury and withholding exonerating evidence. A copy of the REPORT OF PROCEEDING styled: "REPORT OF GRAND JURY PROCEEDINGS is annexed to Hegwood original COMPLAINT (Doc.# 15-1 Page 33). Directly behind the perjurious testimony Stefano again appeared before the same grand jury and again committed perjury when he falsely claimed Hegwood was arrested "near the store." A copy of the second REPORT OF PROCEEDINGS styled: "REPORT OF GRAND JURY PROCEEDINGS is annexed to Hegwood's original COMPLAINT (Doc.# 15-1 Page 39-43) and both REPORTS are Incorporated herein by reference.

INTERROGATORY No. 7: Please state each and every fact that you believe supports your position that there was no probable cause for your arrest at the Popeye's restaurant located at 6935 Cermak Road on December 2, 2016, for retail theft committed on or about December 2, 2016, under Case # 16CR18844.

ANSWER: Hegwood's ANSWER to INTERROGATORY No 6 above is restated here. Hegwood was Immediately "seized" when Stefano snatched the door open and grabbed Hegwood by the neck and choked him. Anderson stood right behind his co conspirator Stefano. While Stefano was choking Hegwood Anderson was asking questions "Where are those shirts?" Hegwood was unable to discern what was going on because he was still holding his pants and almost soiled himself. Stefano is taller than Hegwood and because Hegwood was holding his

penis the only part of Heqwood's body accessable at the time, was Heqwood neck which Stefano squeezed and caused Heqwood to almost lose consiousness. It is clear that Stefano and Anderson effectuated a forceful arrest of Heqwood that was unreasonable, unconstitutional and in contravention of Heqwood's "clearly estabilished" rights, privileges and immunities secured by the Fourth Amendment. See Baker v. McCollan, 443 US. #37 (U.S.1979); Albright v. Oliver, 510 U.S. 266 (U.S.1994) Newsome v. McNally, 256 F. 3d 747 (7th Cir. 2001). While it is true that in making a decision to arrest Heqwood or any other American citizen a police officer like Stefano may rely on information provided to him by the victim or by an eyewitness to the crime that the officer reasonably believes is telling the truth. In point of fact, however, Stefano has stated that he relied on fellow law enforcement personel; specifically his dispatch officer. But the Dispatch officer did not have sufficient information to enable him/her to arm Stefano with probable cause. All Stefano had was a gun, badge and African American male adult citizen of of the United States by the neck in a small space, holding his penis. That may have been probable cause in 1948. In point of fact, however it is not enough today nor was it enough for Fourth Amendment purposes on December 2,2016. See United States v. Johnson, 874 F. 3d 571 (7th Cir. 2017); Doombosy City of Chicago, 888 F. 3d 572 (7th Cir. 2017) and Green v Newport, 868 F. 3d 629 (7th Cir. 2017) and cases cited therein.

INTERROGATORY No. 8: Please each and every fact that you believe supports your claim that you were subjected to excessive force at the Popeye's restaurant located at 6953 Cermak Road on December 2, 2016.

ANSWER: Hegwood's ANSWER TO INTERROGATORY No 7, above, is restated here verbatim. In addition it must be remembered that Stefano testified under oath that Stefano arrested Hegwood "near the store" (referring to Meijer's Store "located at 7111 West Cermak Road"). See REPORT OF GRAND JURY PROCEEDINGS annexed to Hegwood's original COMPLAINT (Doc. # 15-1, Pages 39-43). And, again Stefano asserted in arrest reports (which Stefano affirmed under the penalties of perjury were true) that the arrest location was at 7111 West Cermak Road Berwyn. Stefano not only used excessive force when he arrested Hegwood in the absence of probable cause; Stefano also conspired with Meijer to cover-up the unconstitutionality. Contrary to defendants' belief Stefano is not immune from monetary relief for damages as a result of the false testimony at the Grand Jury Proceedings nor for the fallacious contentions in Stefano's arrest reports. See Briscoe v. LaHue, (Cite Omitted). In Briscoe, the Supreme Court nor our Federal Court of Appeals considered the issue whether a police officer is entitled to immunity for perjurious testimony before a Grand Jury. Carlisle W Briscoe's pro se complaint alleged that Martin LaHue, who was a Bloomington, Indiana police officer "was called as a witness at two probable cause hearings and at Briscoe's criminal trial; and, that police officer LaHue's testimony was false. Because hearsay is routinely admissable at Grand Jury Proceeding and person can be compelled to appear—immunity is not or may not be extended to such liars.

And, it must be remembered that any force used to effectuate an illegal unconstitutional arrest (which is one effectuated) without a reasonable articulable suspicion that the individual arrested had or was about to commit shoplifting or any other criminal offens) is unreasonable.

Excessive Force is described by the "POLICY" of the Chief of Police for the City of Berwyn as "All force beyond what is reasonably required to successfully control a resistive subject or protect the officer or private citizen. No force was necessary when Stefano with Anderson standing behind him; snatched the single occupancy area door of the space housing a toilet and small sink basin only open and grabbed Hegwood by the neck. Hegwood sustained a very serious injury and Doctors have indicated surgery is required. Stefano totally ignored the POLICY of Berwyn's Chief of Police which states; "Intentional Impacts to the head and neck areas will be avoided unless the use of deadly force is reasonable and necessary." The force used on Hegwood while Anderson, the agent of Meijer, Inc, and other police watched was not accidental. It was intentional use of excessive force, against Hegwood who had been illegally arrested without any legitimate justification; which ran afoul of the Eighth Amendment applicable to Illinois state law enforcement personel by the Fourteenth Amendment. Hegwood was a pretrial detainee in the custody of Stefano, Meijer and their confederates and was entitled to due process before any punishment could be inflicted. However, Hegwood was literally assaulted in violation of his clearly established constitutional rights. See Graham v. Conor

490 U.S 386 U.S.(1989); Bell v. Wolfish, 441 U.S. 520 (U.S. 1979); Hendricken
v. Kingsley, 135 S.ct. 2466 (U.S. 2015). As a matter of fact, "Arrestees
and detainees cannot be punished at all." See Woodard v. Casey, 2017 U.S.
Dist. LEXIS 124255 (Ill. 2017). See also, Mulvania v. Sheriff of Rock Island,
850 F. 3d 849 (7th Cir. 2017)(cited in Botts v. Manos, 2017 U.S. Dist. LEXIS
160602 (N.D.Ill. 2017). Hegwood has been forced to endure excruciating physical
and mental pain; physical because of the assault and mental because
others whom have loaned their weight to defendants and joined
the conspiracy denied Hegwood adequate medical assistance to repair
the large tissue mass that have formed in the back of Hegwood's neck.
INTERROGATORY No. 9: Please separately identify and state each and
every element of damage, that you are seeking in this case as against
Defendant Stefano, including, but, not limited to, the amounts being sought
for lost wages, personal injury pain and suffering, emotional distress
and/or punitive damages.

ANSWER: Hegwood's COMPLAINT filed in the office of the clerk of the
Circuit Court of Cook County which Meijer and Stefano had removed to
the U.S. District Court for the Northern District of Illinois is restated
here seriatim and verbatim. Hegwood's COMPLAINT filed with the
United States Attorney for the Northern District of Illinois is also
restated here, verbatim and seriatim. Hegwood's ANSWERS TO INTERROGA-
TORIES propounded to him by defendant Meijer are incorporated
herein along with Hegwood's RESPONSE TO Meijer's NOTICE FOR PRODUCTION.
As soon as additional factual information becomes available and accessa-
ble to Hegwood it shall be provided to the defendants' counsel. Heg-
wood has sought information via the Cook County Sheriff's office
Freedom Of Information Act Request, copy attached hereto as Exhibit G.
See Fields v. Wharrie, 740 F.3d 1107(7th Cir. 2014)(No immunity for prosecutor
who falsify records and fabricate evidence)

INTERROGATORY No. 10: Please state the full name, address and telephone number of each, and every person who has provided you with medical treatment for your injuries allegedly suffered as a result of your arrest on December 2, 2016.

ANSWER: OBJECTION Heqwood has heretofore offered more than seven hundred seventy six (776) Pages of documents to both defendant Meijer and Stefanos' lawyers. However, after the insistent prompting counsel to accept the documents; the Federal Magistrate Judge, during the hearing stated: "They said they don't want them." Nonetheless, Heqwood as a courtesy has executed a Cook County Health + Hospital System (CCHHS) "REQUEST AND AUTHORIZATION TO COPY HEALTH INFORMATION" and provided same to counsel for Meijer and Stefano which authorize the lawyers to obtain copies of Heqwood's medical records from from seven (7) different Health Care facilities. An additional properly executed authorization for release of the medical treatment documentation is annexed hereto, incorporated herein and made a part hereof as Exhibit H. The medical record documentation will no doubt reveal "the full name, address and telephone number of each and every person who has provided the prose Plaintiff with medical treatment for the injury to Heqwood's neck sustained as a result of Stefano's excessive, unnecessary and malicious use of force during the unconstitutional arrest, assault and seizure of Heqwood. See 18 U.S.C.S. Sec. 242; Butler v. Sheriff 685 F.3d 1261 (11th Cir) (2012) (Naked young man found in daughter's closet, officer drew gun

and handcuffed young man); Screws v. United States, 325 U.S. 91 (1945); (prosecution under 42 U.S.C. and 18 U.S.C. 242 for violating the civil rights of individual arrested for theft). But see United States v Gonzalez, injury to neck Cite Omitted); United States v. Bradley, 196 F. 3d 762 (7th Cir. 1999).

INTERROGATORY No. 11: Have you ever been convicted of any crime? If so, state the date of the conviction, the name of the crime and the penalty imposed as a result of the conviction.

ANSWER: OBJECTION Defendant(s) Stefano and the Chief of Police has access to records concerning Hegwood's criminal history. Also defendants have provided false information to the FBI and an investigation is ongoing. When Hegwood receives the correct and accurate documentation same shall be provided.

INTERROGATORY No. 12: Have you ever been a party to a lawsuit? If so, state the full caption of the lawsuit including the docket number, nature of the lawsuit and the ultimate outcome of the lawsuit.

ANSWER: OBJECTION Defendants Stefano and Meijers provided the information relating to prior civil actions brought by Hegwood during his existence for the past seventy (70) years.

I declare under the penalties of perjury the above is true.

Respectfully submitted,

Talmon Hegwood, Jr. pro se.
#2017 0320277 D44-2t
Post Office Box 089002
Chicago, IL 60608

SUBSCRIBED AND AFFIRMED before me this the 14th day of March 2018.

Carmella K. Richards
NOTARY PUBLIC

OFFICIAL SEAL
CARMELLA K. RICHARDSON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Aug 5, 2018

## AFFIDAVIT OF SERVICE

Before me, the undersigned authority, did personally appear affiant TALMON HEGWOOD, JR, known unto me, who first being duly sworn, according to law, upon his oath, did depose and state:

I HEREBY CERTIFY that I have served a true and correct copy of PLAINTIFF'S ANSWERS TO STEFANO'S INTERROGATORIES on

Andrew Y. Acker, Esq.
Storino Ramello + Durkin
Attorneys-At-Law
9501 West Devon Ave, Suite 800
Rosemont, IL 60018

Mr. William G. McKinsey Esq.
Section Chief
U.S. Department of Justice
Federal Bureau of Investigation
Criminal Justice Information Services
100 Custer Hollow Road
Clarksburg, WV 26306-0001

Honorable Edwin Eisendrath
Chief Executive Officer
Chicago Sun Times
350 North Orleans
Chicago, IL 60654

Mr. Joseph C. Sheahan, Esq.
Cunningham Meyer + Vedrine, P.C.
Attorneys-At-Law
One East Wacker Drive
Chicago, IL 60601

Honorable Jeff Sessions
Attorney General
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Ave, N.W
Washington, D.C. 20530

Mrs. Laura Logan
Commentator
CBS 60 Minutes
154 West 57th Street
New York, NY 10019

by placing same in sealed envelopes, properly addressed, first class postage prepaid and posting same with the U.S. Postal Service on this the 13th day of March, 2018.

I declare under the penalty of perjury the above is true.

Talmon Hegwood, Jr. Affiant
#20170620227 D-4-2-L
Post Office Box 089002
Chicago, IL 60608

SUBSCRIBED AND ~~SWORN~~ Affirmed To before me, this the 14th day of March 2018.

Carmella K. Richardson
NOTARY PUBLIC

OFFICIAL SEAL
CARMELLA K. RICHARDSON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Aug 5, 2018

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


TALMON HEGWOOD, JR.,
      Plaintiff,

-versus-               No. 17-CV-02887

MEIJER, INC, Et Al.
      Defendants.


## PROSE PLAINTIFF'S ANSWERS AND AMENDMENT TO DEFENDANT STEFANO'S INTERROGATORIES


AMENDED and/or SUPPLEMENTAL answer to INTERROGATORY No. 1

1. Talmon Hegwood, Jr. (Hegwood)'s ANSWER to Stefano's INTERROGATORY No. 1 heretofore provided is reasserted here verbatim. In answering further the pro se plaintiff has annexed hereto and incorporate herein copies of documents styled completed "INMATE GRIEVANCE FORM"(s) that were submitted to Cook County Department of Corrections (CCDOC) official during the elongated period of Hegwood's unconstitutional detention at CCDOC under CCDOC "Booking ID Number 20161204098." The grievances provide the names, date and overwhelmingly support Hegwood's IIED claims against defendants CASEY STEFANO (Stefano) and Stefano's co-conspirator Meijer's loss prevention agent Marcus Anderson (Anderson) and others known and unknown to the pro se plaintiff who knowingly, intentionally retalitorily and maliciously charge Hegwood with breaking the law by shoplifting at Meijer on August 11, 2015. See Buchmeier v. City of Berwyn, 2015 U.S. Dist. LEXIS 96319.

In tune and consistent with the spirit if not the letter of the United States Magistrate Judge (MJ) of March 22, 2018 (Doc.# 99) and April 5, 2018 (Doc.#111) Hegwood has numerically numbered the INMATE GRIEVANCE FORM(S) numbered and dated as follows:

1. CONTROL # 2016X11916 dated 12-19-16
2. CONTROL # 2016X11915 dated 12-19-16
3. CONTROL # 2016X11472 dated 12-08-16
4. CONTROL # 2016X11360 dated 12-09-16
5. CONTROL # 2016X11500 dated 12-14-16
6. CONTROL # 2016X11571 dated 12-13-16
7. CONTROL # 2016X11865 dated 12-09-16
8. CONTROL # 2016X11388 dated 12-09-16
9. CONTROL # 2016X11891 dated 12-22-16
10. CONTROL # 2016X11835 dated 12-22-16
11. CONTROL # 2016X11947 dated 12-26-16
12. CONTROL # 2016X11849 dated 12-22-16
13. CONTROL # 2016X11745 dated 12-26-16
14. CONTROL # 2016X11753 dated 12-18-16
15. CONTROL # 2016X11692 dated 12-09-16
16. CONTROL # 2016X11837 dated 12-20-16
17. CONTROL # 2016X11842 dated 12-09-16
18. CONTROL # 2016X11362 dated 12-08-16
19. CONTROL # 2016X11865 dated 12-09-16
20. CONTROL # 2016X11955 dated 12-26-16
21. CONTROL # 2016X11840 dated 12-15-16
22. CONTROL # 2016X12159 dated 12-25-16
23. CONTROL # 2016X11748 dated 12-18-16
24. CONTROL # 2016X11498 dated 12-13-16
25. CONTROL # 2016X11497 dated 12-12-16
26. CONTROL # 2016X11692 dated 12-09-16
27. CONTROL # 2017X00219 dated 12-31-16
28. CONTROL # 2017X00234 dated 01-05-17
29. CONTROL # 2017X01808 dated 02-02-17
30. CONTROL # 2017X02134 dated 02-12-17
31. CONTROL # 2017X01282 dated 01-28-17
32. CONTROL # 2017X02449 dated 02-17-17
33. CONTROL # 2017X02502 dated 02-19-17
34. CONTROL # 2017X02151 dated 02-12-17
35. CONTROL # 2017X01807 dated 02-02-17
36. CONTROL # 2017X02188 dated 02-13-17
37. CONTROL # 2017X02184 dated 02-11-17
38. CONTROL # 2017X02392 dated 02-20-17
39. CONTROL # 2017X02613 dated 02-23-17
40. CONTROL # 2017X02509 dated 01-10-17
41. CONTROL # 2017X00274 dated 01-07-17
42. CONTROL # 2017X01219 dated 01-21-17
43. CONTROL # 2017X01140 dated 01-26-17
44. CONTROL # 2017X01139 dated 01-25-17
45. CONTROL # 2017X00740 dated 01-13-17
46. CONTROL # 2016X11950 dated 12-25-16
47. CONTROL # 2016X11496 dated 12-10-16

48. CONTROL # 2017X00780 dated 01-17-17

2. Hegwood's ANSWER to Stefano's INTERROGATORY No.2 heretofore provided is reasserted here verbatim. In answering further "the subject matter of what (Hegwood) believe these persons witnessed" with regards to Hegwood's false imprisonment claim can be gleaned from the video footage as-well-as the numerous photographs produced to Hegwood by defendants pursuant to at three (3) distinct orders of the Court. (Doc #s 64, 84, 99 and other). And in support of Hegwood's IIED claims this pro se plaintiff respectfully direct defendants to the completed INMATE GRIEVANCES listed hereinabove and attached. The CCDOC correctional staff who are witnesses to the emotional distress, mental and physical pain to which Hegwood was forced to endure as a result of Stefano, Meijer, the Chief of Police (COP) and others who conspired with defendants are identified, named and have facts within the scope of their knowledge, are provided in documents numbers 1 through 48, which total 270 of the more than 766 pages of documents Hegwood referred to in his "ANSWER to defendant's INTERROGATORY No.10. which is reasserted and incorporated herein verbatim. Clearly, the emotional distress inflicted on Hegwood is no less than extreme and outrageous. Not only did Stefano's conduct relating to snatching the door of the toilet area open while Hegwood was holding his penis and urinating outrageous, but choking Hegwood causing him to almost loose consciousness and falsifying Anderson's signature on a complaint which led to a false charge and malicious prosecution of Hegwood was grossly extreme and mayhaps criminal. (See 18 U.S.C. Sec. 242, et seq)

3. Hegwood's ANSWER to Stefano's INTERROGATORY No. 3 heretofore provided is reasserted here verbatim. In further response Hegwood intends to call as expert witnesses the following

Dr. D.L. Thomas
Contact through
Mr. H. Kent Heller, Esq
Heller Holmes + Associates, P.C.
1101 Broadway P.O. Box 889
Mattoon, IL 61938

Dr. D.L. Thomas is expected to testify that because of Hegwood's Hepatitis C Virus (HCV) his blood was the cause of the tissue mass formed in Hegwood's neck after being choked by defendant Stefano in the toilet area where Hegwood was illegally arrested.

4. Hegwood's ANSWER to Stefano's INTERROGATORY No. 4 heretofore provided is reasserted here verbatim. In further answering Hegwood would point out that he intends to illicit testimony from either Honorable Kimberly Fox (Mrs. Fox) or a representative of the State's Attorney's office to prove the claim asserted in his original COMPLAINT that defendants

a. Attempted to manipulate the Court;

b. Manipulated the Illinois State's Attorney and her assistants who prosecuted Hegwood maliciously at the iniation, behest and instigation of Stefano. Meijer, Chief of Police for Berwyn who are directly responsible for the known false charge relating to but not limited to the August 11, 2015 shoplifting charge that was dismissed via Mrs Fox's motion to nolle prosequi over Hegwood's objection. A copy of the ORDER of the Honorable RAMON OCASSIO terminating the case in Hegwood's favor is annexed hereto, incorporated herein and made a part hereof.

c. Manufacturing evidence which caused confusion, harm and prejudice to Hegwood's defense to the false charge.

d. Knowingly, intentionally, wilfully, deceitfully and maliciously failing to produce favorable evidence.... evidence relating to the misdomeanor and or felony shoplifting charges in the face of valid Court orders that were issued by the Honorable PAMELA M. LEEMING

e. Failing to cooperate with IRS investigation which substantially prejudiced Hegwood insofar as his WHISTLEBLOWER # 3,000,000 claim is concerned

f. Failing to return to Hegwood his Social Security Card, Debit Card, Link Card, and other property not contraband and not connected to the false shoplifting charges

g. Practicing racial discrimination and retaliating against Hegwood for suing Joseph Petersen and the City of Berwyn in Federal Court previously

h. Attempting to hinder Fox with regards to State's Attorney's duties and obligations

2. Subjecting Hegwood to a one-on-one showup in the one person toilet area at Popeye's Chicken Restaurant (a quarter mile from Meijer's Store) which is now closed which causes spoilation of certain evidence. For example, the pro se plaintiff is precluded from demonstrating that Meijer's video equipment that allegedly produced the video footage was not functioning properly. INTERROGATORY No. 5 Hegwood's ANSWER to Stefano's INTERROGATORY No 5 heretofore provided is reasserted here verbatim. In answering further the persons named in the ARREST REPORTS (two (2) of them) and Berwyn Police Department "OFFICIL SWORN POLICE REPORT" (two (2) of them) were present at the time of Hegwood's false arrest and may have been on duty when Hegwood was falsely charged and the COMPLAINT FOR PRELIMINARY EXAMINATION was falsified by Stefano who evidently signed Marcus Anderson's signature on both complaints whereby the malicious and selective prosecution of Hegwood commenced. It must be remembered that the false charge terminated after an elongated period in Hegwood's favor is based on allegations and an alleged episode distinct. Indeed, the two (2) different events allegedly occurred more than fifteen (15) months apart. Probable cause (or a conviction) as to one charge will not preclude

a malicious prosecution suit based on a separate charge. Because the false charge was dismissed over Hegwood's strenuous objection as is revealed by the Court documents annexed to Hegwood's: "PLAINTIFF'S ANSWERS TO STEFANO'S INTERROGATORIES executed and served on both attorneys for defendants on March 14, 2018 (which, again are incorporated herein) See Group Exhibit C, Pages 1-4, viz; pg #1 indicating: "NOLLE PROSEQUI" and "DEFENDANT DEMANDS TRIAL" prepared by Honorable DOROTHY BROWN, Clerk for the Circuit Court of Cook County, Illinois

INTERROGATORY No. 6. Hegwood's ANSWER to Stefano's INTERROGATORY No. 6, heretofore provided is reasserted here, verbatim.

INTERROGATORY No. 7. Hegwood's ANSWER to Stefano's INTERROGATORY No. 7, heretofore provided is reasserted here verbatim

INTERROGATORY No. 8, INTERROGATORY No. 9, INTERROGATORY No. 10, INTERROGATORY No. 11 and INTERROGATORY 12; ANSWERS provided heretofore are reasserted here verbatim and seriatim. In further answering Hegwood has annexed hereto copies of Hegwood's medical records compiled by Medical Doctors and Health Care Providers employed by MacNeal Hospital described below pursuant to the April 5, 2018 ORDER (Doc #111) of Honorable DANIEL G. MARTIN, copy of which is annexed hereto for your convience.

Respectfully submitted

Lalmon Hegwood, Jr. pro se
#2017 06 20227 D-6-1-R
Post Office Box 089002
Chicago, IL 60608

Chicago, Illinois, this the 9th day of April 2018

## CERTIFICATION

I, Talmon Hegwood, Jr. hereby CERTIFY that the
"PLAINTIFF'S ANSWERS TO STEFANO'S INTERROGATORIES"

and the foregoing "PRO SE PLAINTIFF'S ANSWERS AND AMENDMENT
TO DEFENDANT STEFANO'S INTERROGATORIES

are in compliance with the Court's ORDER dated April 5, 2018 (Doc #111),
and are true and correct to the best of my knowledge and belief.

Respectfully submitted,

Talmon Hegwood, Jr. pro se.
#20170620227 D-6-1-R
Post Office Box 089002
Chicago, IL 60608

Chicago, Illinois, this the 9th day of April, 2018.

SUBSCRIBED AND SWORN TO before me, this the 9th day of April, 2018

_____
NOTARY PUBLIC

OFFICIAL SEAL
M GAUTHIER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/17/21

## PLAINTIFF'S AFFIDAVIT OF SERVICE

Before me, the undersigned authority, did personally appear affiant TALMON HEGWOOD, JR., known unto me, who first being duly sworn, according to law, upon his oath, did depose and state:

I HEREBY CERTIFY that I have served a true and correct copy of

PRO SE PLAINTIFF'S ANSWERS AND AMENDMENT
TO DEFENDANT STEFANO'S INTERROGATORIES     on

Mr. Michael Durkin, Esq.
Storino Ramello + Durkin
Attorneys-At-Law
9501 West Devon Suite 800
Rosemont, IL 60018

Honorable John R. Lausch, Jr.
United States Attorney
United States Department of Justice
219 South Dearborn Street
Chicago, IL 60604

Mr. Michael Sheahan, Esq.
Cunningham Meyer + Vedrine
Attorneys-At-Law
One East Wacker Drive Suite 100
Chicago, IL 60601

Mr. Edwin Eisendrath
Chief Executive Officer
Chicago Sun Times
350 North Orleans
Chicago, IL 60654

by placing same in sealed envelopes, properly addressed, and entrusting same to the Correctional staff at the Cook County Department of Corrections to be logged, photocopied and posted with the U.S. Postal Service

I declare under the penalties of perjury the above is true.

Respectfully submitted,

Talmon Hegwood, Jr.
#2017016202207D6-FR
Post Office Box 089002
Chicago, IL 60608

OFFICIAL SEAL
M GAUTHIER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/17/21

SUBSCRIBED AND SWORN TO before me, this the 9th day of April, 2018.

_____
NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TALMON HEGWOOD, JR.,
    Plaintiff,

    ~versus~

MEIJER, INC., and
CASEY STEFANO
      Defendants.

No: 1:17 cv 2887
Honorable GARY FEINERMAN, J.
Honorable DANIEL G. MARTIN, M.J.

## REQUEST FOR ADMISSIONS OF FACTS

TO: Meijer, Inc.,
c/o Mr. Andrew Acker, Esq.
Storino Romello + Durkin
Attorneys-At-Law
9501 West Devon Ave, Suite 800
Rosemont, IL 60018

TO: Meijer, Inc.
c/o Cunningham Meyer + Vedrine
Attorneys-At-Law
One East Wacker Drive
Suite 2200
Chicago, IL 60601

Pursuant to Fed. R. Civ. P. 36, TALMON HEGWOOD, JR. (Hegwood) respectfully request that Meijer, Inc., (Meijer) admit or deny that the facts elaborated below are true within thirty days of receipt hereof for the purpose of this action only and subject to any and all objections as to admissability which may be interposed at any summary judgement hearing and/or jury trial in the above-styled cause.

1. Hegwood was arrested on December 3, 2016 for allegedly pilfering the items of collogne listed in Exhibit A

2. On or about December 3, 2016 Marcus Anderson (Anderson) signed a COMPLAINT FOR PRELIMINARY EXAMINATION charging Hegwood with misdemeanor retail theft; which was subsequently enhanced to a felony offense.

MOTION FOR JUDGMENT BY DEFAULT Exhibit C

3. Anderson, an agent of Meijer, accompanied Stefano and numerous other Berwyn Police Department (BPD) officers when Hegwood was arrested at the Popeyes Chicken Restaurant on December 2, 2016.

4. The involvement of a state official in a conspiracy to violate an American citizen's "clearly established" rights, privileges and immunities secured by the laws and constitution of the United States plainly provides the state action that is essential to show a direct violation of the citizen's United States Constitution's Fourteenth Amendment Equal Protection rights, whether or not the actions of Stefano and other police were officially authorized.

5. The December 3, 2016 arrest and/or charge levied against Hegwood by Anderson stemmed from an alleged theft that Anderson contended occurred at Meijer on or about August 11, 2015.

6. Shoplifting is a petty offense and the statute of limitations for charging a petty offense to an alleged culprit is six (6) months according to Illinois law.

7. Hegwood is a sixtynine (69) year old male adult African American citizen of the United States.

8. Stefano and eightyfive percent (85%) of law enforcement personnel employed and supervised by the Chief of Police (COP) for the Village of Berwyn are White American citizens.

9. Anderson was not at work for Meijer on August 11, 2015.

10. Anderson did not appear before the Grand Jury to testify in connection with the alleged August 11, 2015, retail theft from Meijer; because Anderson knew the charge was false and; also was cognizant that Hegwood did not enter and leave Meijer on August 11, 2015 with any merchandise.

11. Anderson engaged in an unconstitutional one-on-one showup procedure which led to the misidentification of Hegwood as the perpetraitor of the alleged theft incident at Meijer on August 11, 2015.

12. The "packet of pictures" Anderson turned over to the Berwyn Police Department allegedly on August 11, 2015, depicted "FRAGRANCE," "WINDSONG" "MUSK" Cologne, "SENSODYNE," toothpaste.

13. Anderson and/or Meijer are liable to Hegwood under 42 U.S.C. Sections 1983 and 1985(3) as a consequence of meeting together at the Oak Park Police Department on or about December 2, 3, 2016; Circuit Court of Cook County in December, 2016, and at Meijer during which Stefano, Chief of Police and others known and unknown to Hegwood devised a plan aimed at and did, in fact violate Hegwood constitutional rights that were "clearly established."

14. An excessive-force claim does not necessarily require a showing of bodily injury to establish a constitutional violation.

15. As a result of defendants' unconstitutional conduct Hegwood has been injured in his mind, body and soul.

16. Because Stefano, Anderson and others willfuly transgressed Hegwood's Constitutional Rights and caused bodily harm, Stefano and Anderson are guilty of felony offenses under 18 U.S.C. §242.

17. Stefano's cohorts refused to return Hegwood's personal property to him despite a Court Order FAXED to Berwyn by the Assistant State's Attorney who the Honorable Judge Ramon Ocassio ordered to perform the function on February 27, 2017.

18. Hegwood presented Berwyn with a copy of the Court's ORDER signed by Judge Ramon Ocassio and instead of returning his property the police illegally searched and subjected Hegwood to battery.

19. Stefano, Anderson, COP and others known and unknown to Hegwood were aware that Hegwood filed a lawsuit naming them as defendants; which is why their cohorts refused to return Hegwood's property and subjected the plaintiff to additional unconstitutionalities not specified in the original COMPLAINT filed by Hegwood in the Circuit Court of Cook County.

20. Hegwood submitted a COMPLAINT to the United States Attorney for the Northern District of Illinois the same day after he presented the "ORDER" of Judge Ramon Ocassio to Berwyn.

21. The Clerk at the Berwyn Community Center dialed the telephone number for the Federal Bureau of Investigation and allowed Hegwood to communicate with the FBI's Duty Officer; however, a Berwyn police officer entered the Berwyn Community Center, snatched the telephone from Hegwood and hung it up; notwithstanding Hegwood advising the police as to whom he was speaking.

Respectfully submitted,

Olmon Hegwood, Jr. pro se
#20170680227, D-4-2-K
Post Office Box 089002
Chicago, IL 60608

SUBSCRIBED AND SWORN TO before me, this the 26 day of December 2017.

NOTARY PUBLIC

OFFICIAL SEAL
THOMAS A KEEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/27/17

TALMON HEGWOOD, JR.,                    )
                                        )
    Plaintiff,                          )
                                        )
vs.                                     )   Case No.: 1:17-CV-02887
                                        )   Honorable Gary Feinerman
MEIJERS and CASEY STEFANO,              )
                                        )
    Defendants.                         )

## DEFENDANT, MEIJERS', RESPONSES TO
## PLAINTIFF'S REQUEST FOR ADMISSIONS OF FACTS

NOW COMES, Defendant, MEIJER, INC., incorrectly sued as "MEIJERS" (hereinafter

referred to as "Meijer"), by and through its undersigned attorney, pursuant to Fed. R. Civ. P. 36

and for its Responses to Plaintiff's Request for Admissions of Facts states as follows:

1.    Hegwood was arrested on December 3, 2016 for allegedly pilfering the items of

collogne [*sic*] listed in Exhibit A.

**RESPONSE: Objection. This request is vague and ambiguous. Subject to and without
waiving said objections, Defendant denies Plaintiff's characterization of
pilfering as that word is commonly understood, but Defendant admits that
Plaintiff committed retail theft of cologne on August 11, 2015 from
Defendant's retail establishment as referenced in the Berwyn Police Report
Incident No. 15-07477 (Plaintiff's Exhibit A). Answering further and subject
to the prior objections, Defendant admits that Plaintiff was arrested on the
referenced date in connection with his commission of additional retail theft
from Defendant's retail establishment on that same date.**

2.    On or about December 3, 2016 Marcus Anderson (Anderson) signed a

COMPLAINT FOR PRELIMINARY EXAMINATION charging Hegwood with misdomeanor

[*sic*] retail theft, which was subsequently enhanced to a felony offense.

**RESPONSE: Denied.**

MOTION FOR JUDGMENT BY DEFAULT Exhibit D

3. Anderson, an agent of Meijer, accompanied Stefano and numerous other Berwyn Police Department (BPD) officers when Hegwood was arrested at the Popeyes Chicken Restaurant on December 2, 2016.

**RESPONSE: Objection. This request calls for a legal conclusion as to the relationship between Defendant and Anderson and, as such, requires no response.** *See Fidelity Trust Co. v. Stickney,* **129 F.2d 506, 511 (7th Cir. 1942) (finding that a request for admission of a conclusion of law rather than of facts is improper and may be refused). Subject to and without waiving said objection, Defendant denies Request No. 3.**

4. The involvement of a state official in a conspiracy to violate an American citizen's "clearly established" rights, privileges and immunities secured by the laws and constitution of the United States plainly provides the state action that is essential to show a direct violation of the citizen's United States Constitution's Fourteenth Amendment Equal Protection rights, whether or not the actions of Stefano and other police were officially authorized.

**RESPONSE: Objection. This request calls for a legal conclusion and, as such, requires no response.** *See Fidelity Trust Co. v. Stickney,* **129 F.2d 506, 511 (7th Cir. 1942) (finding that a request for admission of a conclusion of law rather than of facts is improper and may be refused).**

5. The December 3, 2016 arrest and/or charge levied against Hegwood by Anderson stemmed from an alleged theft that Anderson contended occurred at Meijer on or about August 11, 2015.

**RESPONSE: Objection. This request is vague and ambiguous with respect to the "arrest and/or charge levied against Hegwood** *by* **Anderson." Objecting further, this request is duplicative of Request No. 1. Subject to and without waiving said objections, denied.**

6. Shoplifting is a petty offense and the statute of limitations for charging a petty offense to an alleged culprit is six (6) months according to Illinois law.

**RESPONSE: Objection. This request calls for a legal conclusion and, as such, requires no response.** *See Fidelity Trust Co. v. Stickney,* **129 F.2d 506, 511 (7th Cir. 1942)**

2

(finding that a request for admission of a conclusion of law rather than of facts is improper and may be refused).

7.   Hegwood is a sixtynine [*sic*] (69) year old male adult African American citizen of the United States.

**RESPONSE:** Objection. This request seeks irrelevant information. **Subject to and without waiving said objection, Defendant admits that Plaintiff is an African American adult male but specifically states that after making a diligent effort to ascertain Plaintiff's date of birth and/or age, the information known or readily available to it is insufficient to enable Defendant to admit or deny this Request. Defendant lacks knowledge and information regarding Plaintiff's age and is not, therefore, in a position to know if is 69 years old. As such, Defendant states that despite its reasonable efforts, it has insufficient knowledge to admit or deny the portion of this Request relating to Plaintiff's age.**

8.   Stefano and eightyfive [*sic*] percent (85%) of law enforcement personel [*sic*] employed and supervised by the Chief of Police (COP) for the Village of Berwyn are White American citizens.

**RESPONSE:** Objection. This request seeks information that is irrelevant to the claim(s) against Defendant. **Subject to and without waiving said objection, after making a diligent effort to ascertain the racial demographics of the Berwyn Police Department personnel, Defendant has insufficient information known or readily available to it to enable it to admit or deny this Request. Defendant lacks knowledge and information regarding the racial demographics of the Berwyn Police Department and, therefore, is not in a position to know whether 85% of the Berwyn Police Force is Caucasian American citizens. As such, Defendant states that despite its reasonable efforts, it has insufficient knowledge to admit or deny this Request.**

9.   Anderson was not at work for Meijer on August 11, 2015.

**RESPONSE:** Denied.

10.   Anderson did not appear before the Grand Jury to testify in connection with the alleged August 11, 2015 retail theft from Meijer, because Anderson knew the charge was false and also was cognizant that Hegwood did not enter and leave Meijer on August 11, 2015 with any merchandise.

3

**RESPONSE: Denied.**

11.     Anderson engaged in an unconstitutional one-on-one show up procedure which led to the misidentification of Hegwood as the perpatraitor [*sic*] of the alleged theft incident at Meijer on August 11, 2015.

**RESPONSE: Objection. This request calls for a legal conclusion and, as such, requires no response.** *See Fidelity Trust Co. v. Stickney*, **129 F.2d 506, 511 (7th Cir. 1942) (finding that a request for admission of a conclusion of law rather than of facts is improper and may be refused).**

12.     The "packet of pictures" Anderson turned over to the Berwyn Police Departmetn allegedly on August 11, 2015 depicted "FRAGRANCE," "WINDSONG" "MUSK" cologne" "SENSODYNE" toothpaste.

**RESPONSE: Denied.**

13.     Anderson and/or Meijer are liable to Hegwood under 42 U.S.C. Sections 1983 and 1985(3) as a consequence of meeting together at the Oak Park Police Department on or about December 2, 3, 2016; Circuit court of Cook County in December, 2016 and at Meijer during which Stefano, Chief of Police and others known and unknown to Hegwood devised a plan aimed at and did in fact violate Hegwood constitutional rights that were "clearly established."

**RESPONSE: Objection. This request calls for a legal conclusion and, as such, requires no response.** *See Fidelity Trust Co. v. Stickney*, **129 F.2d 506, 511 (7th Cir. 1942) (finding that a request for admission of a conclusion of law rather than of facts is improper and may be refused).**

14.     An excessive force claim does not necessarily require a showing of bodily injury to establish a constitutional violation.

**RESPONSE: Objection. This request calls for a legal conclusion and, as such, requires no response.** *See Fidelity Trust Co. v. Stickney*, **129 F.2d 506, 511 (7th Cir. 1942) (finding that a request for admission of a conclusion of law rather than of**

facts is improper and may be refused). Objecting further, this request seeks information that is irrelevant to the claim(s) against Defendant.

15. As a result of defendants' unconstitutional conduct Hegwood has been injured in his mind, body and soul.

**RESPONSE:** **Objection. This request calls for a legal conclusion and, as such, requires no response.** *See Fidelity Trust Co. v. Stickney*, **129 F.2d 506, 511 (7th Cir. 1942) (finding that a request for admission of a conclusion of law rather than of facts is improper and may be refused). Objecting further, this request is vague as the word "soul" is not defined for purposes of these requests. Subject to and without waiving said objections, denied.**

16. Because Stefano, Anderson and others willfuly [*sic*] transgressed Hegwood's Constitutional Rights and caused bodily harm, Stefano and Anderson are guilty of felony offenses under 18 U.S.C § 242.

**RESPONSE:** **Objection. This request calls for a legal conclusion and, as such, requires no response.** *See Fidelity Trust Co. v. Stickney*, **129 F.2d 506, 511 (7th Cir. 1942) (finding that a request for admission of a conclusion of law rather than of facts is improper and may be refused).**

17. Stefano's cohorts refused to return Hegwood's personal property to him despite a Court Order FAXED to Berwyn by the Assistant State's Attorney who the Honorable Judge Ramon Ocassio ordered to perform the function on February 27, 2017.

**RESPONSE:** **Objection. This request is vague as the word "cohorts" is not defined for purposes of these requests. Objecting further, this request is compound and seeks information that is not relevant to the claim(s) against Defendant. Subject to and without waiving said objection, after making a diligent effort to ascertain whether Defendant Stefano and/or any of his colleagues withheld Plaintiff's personal property and whether a Court Order was transmitted to the Berwyn Police Department under the circumstances described by Plaintiff, Defendant has insufficient information known or readily available to it to enable it to admit or deny this Request. Defendant lacks knowledge and information regarding the actions (or inactions) of Defendant Stefano and/or his colleagues and the transmission of Court Orders by the Illinois Assistant State's Attorney. As such, Defendant states that despite its reasonable efforts, it has insufficient knowledge to admit or deny this Request.**

5

18.     Hegwood presented Berwyn with a copy of the Court's ORDER signed by Judge

Ramon Ocassio and instead of returning his property the police illegally searched and subjected

Hegwood to battery.

**RESPONSE:** **Objection. This request calls for a legal conclusion and, as such, requires no**
          **response.** *See Fidelity Trust Co. v. Stickney,* **129 F.2d 506, 511 (7th Cir. 1942)**
          **(finding that a request for admission of a conclusion of law rather than of**
          **facts is improper and may be refused). Objecting further, this request seeks**
          **information that is irrelevant to the claim(s) against Defendant. Subject to**
          **and without waiving said objection, after making a diligent effort to ascertain**
          **whether Plaintiff presented Berwyn with a copy of the referenced order and**
          **whether the police refused to return any property, Defendant has insufficient**
          **information known or readily available to it to enable it to admit or deny this**
          **Request. Defendant lacks knowledge and information regarding the**
          **interactions between Plaintiff and any individual from the City of Berwyn.**
          **As such, Defendant states that despite its reasonable efforts, it has**
          **insufficient knowledge to admit or deny this Request.**

19.     Stefano, Anderson, COP and others known and unknown to Hegwood were aware

that Hegwood filed a lawsuit naming them as defendants; which is why their cohorts refused to

return Hegwood's property and subject the plaintiff to additional unconstitutionalities not

specified in the original COMPLAINT filed by Hegwood in the Circuit Court of Cook County.

**RESPONSE:** **Objection. This request calls for a legal conclusion and, as such, requires no**
          **response.** *See Fidelity Trust Co. v. Stickney,* **129 F.2d 506, 511 (7th Cir. 1942)**
          **(finding that a request for admission of a conclusion of law rather than of**
          **facts is improper and may be refused). Objecting further, this request is**
          **vague as the word "cohorts" is not defined for purposes of these requests nor**
          **is the phrase "additional unconstitutionalities not specified" and/or the**
          **phrase "others known and unknown to Hegwood." Subject to and without**
          **waiving said objections, denied.**

20.     Hegwood submitted a COMPLAINT to the United States Attorney for the

Northern District of Illinois the same day after he presented the "ORDER" of Judge Ramon

Ocassio to Berwyn.

**RESPONSE:** **Objection. This request seeks information that is irrelevant to the claim(s)**
          **against Defendant. Subject to and without waiving said objection, after**

making a diligent effort to ascertain whether Plaintiff submitted the referenced document to the United States Attorney on the referenced date, Defendant has insufficient information known or readily available to it to enable it to admit or deny this Request. Defendant lacks knowledge and information regarding the actions of Plaintiff pertaining to contact with the United States Attorney. As such, Defendant states that despite its reasonable efforts, it has insufficient knowledge to admit or deny this Request.

21.    The Clerk at the Berwyn Community Center dialed the telephone number for the

Federal Bureau of Investigation and allowed Hegwood to communicate with the FBI's Duty

Officer, however, a Berwyn police officer entered the Berwyn Community Center, snatched the

telephone from Hegwood and hung it up; notwithstanding Hegwood advising the police as to

whom he was speaking.

**RESPONSE:** Objection. This request seeks information that is irrelevant to the claim(s) against Defendant. Objecting further, this request is vague and overly broad as Plaintiff fails to note the date of the referenced encounter/events. Subject to and without waiving said objection, after making a diligent effort to ascertain whether the Berwyn Community Center Clerk called the Federal Bureau of Investigation and allowed Plaintiff to speak with the Duty Officer and whether a Berwyn Police Officer subsequently entered the premises and hung up the phone, Defendant has insufficient information known or readily available to it to enable it to admit or deny this Request. Defendant lacks knowledge and information regarding the actions of Plaintiff, the Clerk of the Berwyn Community Center and/or personnel of the Berwyn Police Department pertaining to the referenced encounter. As such, Defendant states that despite its reasonable efforts, it has insufficient knowledge to admit or deny this Request.

Respectfully submitted,
MEIJER, INC.

By:   /s/ Joseph C. Sheahan
          *One of its Attorneys*

Joseph C. Sheahan (IL Bar 6313969)
CUNNINGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049
Fax: (312) 578-0247
E-Mail: jsheahan@cmvlaw.com
*Attorney for Meijer, Inc.*

7

TALMON HEGWOOD, JR.,
        Plaintiff,

-versus-

No. 17 cv 02887
Honorable GARY FEINERMIAN, J.
Honorable DANIEL G. MARTIN, M.J.

MEIJER, INC, ET AL
        Defendants,

### PLAINTIFF'S RESPONSE
### TO DEFENDANT MEIJER'S FIRST SET OF REQUEST FOR ADMISSIONS

Pursuant to the applicable provisions of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) 36, the Court's Local Rules and the ORDER of United States Magistrate Judge, Honorable Daniel G. Martin (M.J.) (Doc. #111). Talmon Hegwood, Jr. (Hegwood) the pro se plaintiff in the above captioned matter answers "DEFENDANT MEIJER'S, FIRST SET OF REQUESTS FOR ADMISSIONS" (Doc #112) filed into the record of the cause on April 9, 2018, contrary to the Court's Local Rules 5, et seq. as follows:

The defendants are culpable for "reckless disregard for the effect of their conduct on the proceedings" at hand which can implicitly and explicitly be deemed tantamount to willfulness. See Intellitech v. Inst of Elec., 2016 U.S. Dist. LEXIS 79947, Unity Sch. Dist. v. Vaughn Assoc., 2018 U.S. Dist. LEXIS 29411. Notwithstanding defendant's conduct which has invited the entry of default, Pro Se plaintiff responds.

1. Admit that, on August 31, 2016, you were present at the Store.
RESPONSE: Hegwood denies, under the penalties of perjury, to the
United States Department of Justice (DOJ), Federal Bureau of Inves-
tigation (FBI) and anyone else that Hegwood was "at the Store" on
August 31, 2016. Evidently the telescope on the video equipment used
to manufacture a video and/or photograph of the person purported to
be depicted at the Store on August 31, 2016 was not functioning
properly; because Hegwood was being held in detention in 2016 and
taken the initiative to obtain "VERIFICATION OF INCARCERATION"
from Cook County Department of Corrections (CCDOC) which shall
provide proof positive and will be made available to defendants
Store and Casey Stefano (Stefano) who conspired and filed false
police repors and charge against Hegwood

2. Admit that, on August 31, 2016, you removed merchandise from
the Store, to wit, various health and beauty products, without
tendering any payment for same.
RESPONSE: Hegwood denies that he is culpable for removing any
merchandise from the Store on August 31, 2016; and Hegwood re-
assert his RESPONSE provided in "1." hereinabove. In answering
further Hegwood believes the videos and photograps down loaded
therefrom are fake. Upon information and belief the Store is now
closed and was closed for the sole purpose of covering up and
spoilation of certain evidence which has caused substantial,
if not irreparable prejudice to Hegwood's case-in chief.

3. Admit that the surveillance footage dated August 31, 2016,
shown to you by Defense Counsel on or about February 16, 2018
depicts you at the Store on the indicated date.

RESPONSE: Heqwood must OBJECT at this time to defendant Meijer's Fed. R. Civ. P. 36 request to admit number 3 for two (2) reasons. 1) it concerns video "surveillance footage" that Heqwood has reason to believe is fake and 2) the equipment used to produce the video footage no longer exist as the store was intentionally closed causing spoilation. In further response Heqwood's RESPONSE to REQUEST number 1 is reasserted here and; Heqwood was not in the Meijer store on August 31, 2016. Attached hereto, incorporated herein and made a part hereof as Exhibit A is a copy of "VERIFICATION OF INCARCERATION" and Booking information revealing Heqwood was detained at CCDOC and assigned # 20161204093. The Booking Information is marked as Exhibit A.

4. Admit that the photograph attached hereto as Exhibit A was provided to you by letter dated March 29, 2018. RESPONSE: Heqwood admits that certain pictures which were apparently manufactured were provided to Heqwood.

5. Admit that the photograph attached hereto as Exhibit A depicts you entering the store on August 31, 2016. RESPONSE: OBJECTION. Heqwood was being detained at CCDOC on the 31st day of August, 2016. Also, Heqwood strenuously object to the monumental number of requests. Fed. R. Civ. P. 36 requests for admissions, over the years, have been brought in line with Fed. Rules of Civil Procedure 26(a) and 33. Therefore a may not make more than twenty five (25) requests to admit facts nor may he propound more than twenty five (25) interrogatories.

6. Admit that the photograph attached hereto as Exhibit B was provided to you by letter dated March 29, 2018.

RESPONSE: Heqwood strenuously object to request number 6 because Fed. R. Civ. P. 36 allows the parties to narrow the issues to be resolved at trial effectively identifying and eliminating those matters on which Heqwood and Meijer and Stefano agree. <u>Local Union No. 38, Sheet Metal Workers Intern Assn. FL-CIO</u> v. <u>Tripodi</u>, 913 F. Supp. 290 (S.D. N.Y. 1996) (Pro se litigant)

7. Admit that the photograph attached hereto as Exhibit B depicts you walking in the front aisle of the Store on August 31, 2016.

RESPONSE: This pro se litigant vehemently object to request number 7 for the reason specified in his answer to request number 6 hereinabove. Heqwood also deny that the fake photograph depicts Heqwood walking in the front aisle of the Store on August 31, 2016. Heqwood also object to the ignoble and desperate attempts on the part of Meijer, Stefano, Chief of Police (COP) to employ chicanery and gamesmanship throughout the litigation. Fed. R. Civ. P. 36(a) was not designed for chicanery and gamesmanship. <u>United States v. Kasuboski</u>, 834 F.2d 1345 (7th Cir. 1987); <u>Thalheim v. Eberheim</u>, 124 F.R.D. 34 U.S. Dist. LEXIS 16748 (1988); <u>United States v. Young</u>, 1990 U.S. Dist. LEXIS 11865 (A court can prescribe a shorter or longer period within which admissions denials or objections may be served); <u>In Re Carney</u>, 258 F.3d. 415 (5th Cir. 2001); <u>Estate of Jones</u>, v. <u>City of Martinsburg</u> 2016 U.S. Dist. LEXIS 193353 (2019), <u>Edwards v. Sinetos In re Inteco Int'l Corp.</u> 2014 BanKr LEXIS 2728 (2014). Most Federal District Courts are reluctant to grant a judgment upon a failure of a litigant particularly "where pro se litigants are involved" with a failure to respond, let alone

6. Admit that the photograph attached hereto as Exhibit B depicts you

object to more than sixty (60) distinct requests for admissions. Simmons-Blount v. Guilford County Board of Educ. 2009 U.S. Dist. LEXIS 30663 (2009); Lev. Cheesecake Factory Rests. Inc., 2007 U.S. App LEXIS 5232 (5th Cir. 2007).

8. Admit that the attached photograph 'attached hereto as Exhibit C was provided to you by letter dated March 29, 2018.

RESPONSE: Heqwood's response to request number 6 hereinabove is reasserted here. Of course, Fed. R. Civ. P. 36 allows a party to amend and/or withdraw his admissions, if necessary to insure the orderly disposition of cases." Carney v. IRS (In re Carney) 258 F. 3d 415 (5th Cir. 2001). The Fifth Circuit has strictly applied the plain language of Fed. R. Civ. P. 36 McMillan v. Mem'l Herman Health Sys. 2016 U.S. Dist. LEXIS 11747 (2016); Fin. Cas + Sur. Inc. v. Parker. 2015 U.S. Dist. LEXIS 70151 (2015).

9. Admit that the photograph attached hereto as Exhibit C depicts you walking towards the self check-out lanes of the store on August 31, 2016.

RESPONSE: Heqwood has declared under the penalties of perjury to the Director and Chief of the Biochemistry Section of the Federal Bureau of Investigation (FBI) that Heqwood did not walk" towards the self check-out lanes of the store on August 31, 2016. Not only could Heqwood be held in contempt and default for lying Heqwood could be subjected to Federal prosecution as well for attempting to obstruct justice. McCully v. Stephenville Indep Sch. Dist., 2014 U.S. Dist. LEXIS 113189; 18 U.S.C. 1001 et seq so can defendants.

10. Admit that the photograph attached hereto as Exhibit D was provided to you by letter dated March 29, 2015.

object to more than sixty (60) different request for admissions

RESPONSE: Hegwood's response to request to admit numbers 1,6 and 8 are reasserted here. Hegwood would also point out that the photographs in question are presumably from a live video surveillance machine which was not functioning properly. Therefore, pursuant to "The best evidence rule the production of the original is most definately required. The Federal Courts and the State Courts, too have found that any testimony regarding what the witness observed on a live video feed requires foundational proof that the video system was functioning properly at the time that the images were depicted by the witness. This foundational consideration is, however, a lower standard than the one used when admitting video tape footage that has been downloaded as the photographs Meijer's counsel have tendered to Hegwood pursuant to at least three (3) Court orders, under the "silent witness theory."

11. Admit that the photograph attached hereto as Exhibit D depicts you in the self check-out lanes of the Store on August 31, 2016.

RESPONSE: Hegwood objects and deny that Hegwood was in the Store on August 31, 2016. Hegwood has heretofore submitted proof positive in the form of INMATE GRIEVANCE FORMS and VERIFICATION OF INCARCERATION confirming Hegwood was detained at CCDOC in 2016.

12. Admit that the photograph attached hereto as Exhibit E was provided to you by letter dated March 29, 2018.

RESPONSE: Hegwood would respectfully reassert here his response to request to admit numbers 1,6,8 and 11. When certain photographs were provided is not one of the issues asserted in Hegwood's complaint and presents no issue suitable for resolution. The request is clearly redundant and an ignoble attempt to practice a fraud upon Hegwood.

13. Admit that the photograph attached hereto as Exhibit E depicts you in the self check out lanes on August 31, 2016.

RESPONSE: Objection is made to request for admission number 13. In point of fact, however, Hegwood's answers, responses and assertions to Hegwood' answers to the interrogatories propounded to him by defendants as-well-as this pro se plaintiff's response to request for admissions numbers 1, 2, 3, 9 and 11 hereinabove are reiterated, reasserted and repeated here seriatim and verbatim here. Hegwood shall submit the photographs to the FBI Crime Laboratory in Washington, D.C. to be analyzed; because this is the second time Hegwood has been accused of a criminal offense for which Hegwood was and is innocent which involved photographs purporting to depict Hegwood. The Crime Laboratory for the FBI has previously been called upon to inspect surveillance photos purporting to depict Hegwood and; prepared a report stating FBI can't say it is and can't say it isn't Hegwood depicted in a photo from surveillance equipment. In any event, the prose plaintiff **denies** that "Exhibit E depicts Hegwood in the self check out lanes on August 31, 2016. Because Meijer, Inc., Stefano, COP and others knowingly, willfuly, intentionally and deceitfully elected to close the store subsequent to being advised of Hegwood's lawsuit demanding nine million nine hundred ninety nine dollars ($9,999,000,) in damages both compensatory and punitive with interest from the date of the unconstitutional episode described in Hegwood COMPLAINT he has been substantially, if not irreparably prejudiced. There is no way to prove whether the telescope and video equipment was functioning properly.

14. Admit that the photograph attached hereto as Exhibit F was provided to you by letter dated March 29, 2018.

RESPONSE: Hegwood must voice his OBJECTION to request for admission number 14 and the basis for the objection is elaborated in request for admission RESPONSES numbers 1, 6 and 8 hereinabove. In further RESPONSE Hegwood would point out neither defendant Meijer or Stefano have responded to Hegwood's request for admissions served upon them in December, 2017 and early January 2018. The failure to respond to a request to admit will permit the Court the Court to enter summary judgment. See, Kim v. Goldstein, 2007 U.S. Dist. LEXIS 41380; MS Elmford Snack Mart, Inc v. Weil 2018 U.S. Dist. LEXIS 35447 (March 5, 2018)

15. Admit that the photograph attached hereto as Exhibit F depicts you in the health and beauty or personal care section of the Store on August 31, 2016.

RESPONSE: Although Hegwood do not have the Exhibit in his immediate sight, the pro se plaintiff deny that he was in the Meijer Store on August 31, 2016. It should also be noted that Hegwood demands strict proof that the telescope and video equipment used to manufacture the "photograph" purporting to depict Hegwood was functioning properly.

16. Admit that the photograph attached hereto as Exhibit G was provided to you by letter dated March 29, 2018.

RESPONSE: Hegwood object and reassert here his response to request for admissions 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14 and 15 are reasserted here seriatim and verbatim and these representations are hereby being made to the FBI and DOJ under penalties of perjury.

17. Admit that the photograph attached hereto as Exhibit G depicts you in the heath and beauty and beauty or personal care section of the Store on August 31, 2016.

RESPONSE: Denied. Hegwood objects and reassert his response to request for admissions 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14 and 15 are reasserted here verbatim and declare under the penalty of perjury that defendants have conspired and calculated a scheme to manipulate his answers and responses to defendants sixty-two (62) different requests for admissions. None of defendants' numerous requests for admission can be deemed admitted under any charitable stretch of the legal imagination. Wu v. Seoul Garden, Inc., 2018 U.S. Dist. LEXIS 9820; United States v. $23,940.00 in U.S. Currency, 2015 U.S. Dist LEXIS 155723; Tourmaline Partners LLC v. Monaco, 2014 U.S. Dist LEXIS 133263.

18. Admit that the photograph attached hereto as Exhibit H was provided to you by letter dated March 29, 2018.

RESPONSE: OBJECTION to the request for admission number 18 on the ground that the defendant's March 29, 2018 letter is not an issue of law or fact involved in the cause captioned above.

19. Admit that the photograph attached hereto as Exhibit H depicts you in the health and beauty or personal care section of the Store on August 31, 2016.

RESPONSE: Hegwood's response to request to admit numbers 1, 3, 4, 5-12, 14, 15, 16, 17 and 18 are reasserted here seriatim and verbatim.

20. Admit that the photograph attached hereto as Exhibit I was provided to you by letter dated March 29, 2018

RESPONSE: Hegwood objects on the ground that defendant's letter is not

an issue involved in the controversy presented in the pro se plaintiff's COMPLAINT filed in the office of the clerk of the Circuit Court of Cook County prior to the February 27, 2017 "ORDER" of the Honorable RAMON OCASSIO (one of only a few State Court Judges intelligent and vibrant enough to be appointed to the Priesthood of the Federal Judiciary) in relation to the malicious shoplifting charge, copy of which is annexed hereto and made a part hereof as Exhibit C, which ORDER reveals the false shoplifting charge was decided in Hegwood's favor.

21. Admit that the photograph attached as Exhibit I depicts you in the health and beauty or personal care section of the store on August 31, 2016. At this point Hegwood would strenuously object to defendant's request for admissions responded to and answered hereinabove and below; particularly in light of the fact the defendants are not acting in good faith but are employing gamesmanship and chicanery. A request for admission as to a central fact in dispute - i.e, the core of Hegwood's assertions contentions, allegation and claims is farther beyond the proper scope of routine and normal discovery. In re Olympia Holding Corp 189 BR 846, 853 (M.D.Fla.1995); Whitaker v Belt Concepts of Am, 189 BR 846 (Citing Fidelity Trust Co. v. Village of Stickney, 129 F.2d 506 (7th Cir. 1942). The defendants have caused much confusion and impeded the Court's authority to adjudicate the cause at hand by persistently inaccurate information, evasive response and absolutely false information. For example, on February 27, 2018, exactly one (1) year subsequent to the favorable termination of the false shoplifting charge, during the hearing conducted by the Court" Meijer's counsel reported that no photographs of the December 2, incident exist, which is noted in the Court's February 27,2018 minute entry (Doc.#91) copy annexed hereto. In point of fact, however, James Tadrowski prepared an "OFFICIAL SWORN POLICE REPORT" copy annexed hereto

that clearly contradict representations made to the Court in that the BPDO stated: "AS took the following photographs of the recovered property, relating to the Dec. 2 incident." The OFFICIAL SWORN POLICE REPORT (Doc.# 15-1, Page 20) list the four (4) distinct items that James Tadrowski photographed on "Date 12/02/2016." Because of the false representation by defendant's counsel concerning the none existence of the photographs and the poor quality of the down loaded pictures of the merchandise the video footage and photographs manufactured are inadmissable; therefore, Hegwood vehemently object to defendant's request for admissions that concern any video footage and photographs. Fed. R. Civ. P. 11; SEC v. Batterman, U.S Dist. LEXIS 78556.

22. Admit that the photograph attached hereto as Exhibit J was provided to you by letter dated March 29, 2018.
RESPONSE: Hegwood objects to any admissions request concerning defendants letter relating to photographs. Hegwood's responses to request for admissions 1,2,3 9, 11,12,14, 15 and 21 are reasserted here.

23. Admit the photograph attached hereto as Exhibit J depicts you in the health and beauty or personal care section of the Store on August 31, 2016.
RESPONSE: Hegwood objects for the reasons specified in his responses 2, 5, 7, 9, 11, 13, 15, 17, 19, and 21 which responses are reasserted here.

24. Admit that the photograph attached hereto as Exhibit K was provided to you by letter dated March 29, 2018.
RESPONSE: Objection. Hegwood's response to request for admissions number 23, 15, 12, 11, 9, 8 are reasserted here verbatim.

25. Admit that the photograph attached hereto as Exhibit K depicts you in the health and beauty or personal care section of the store on August 31, 2016 with a plastic bag on the shelf.
RESPONSE: Hegwood must object and deny he was in the store on August 31, 2016. Also, the request for admission is far beyond the scope of normal discovery. It is aimed at an attempt to take advantage of this seventy (70) years of age male adult African American citizen of the United States who is currently being held in illegal dention and being subjected to grossly inhumane conditions at CCDOC. Taylor v. Great Lakes Waste Serv. 2007 U.S. Dist. LEXIS 97966.

26. Admit that the photograph attached hereto as Exhibit L was provided to you by letter dated March 29, 2018.
RESPONSE: Hegwood's response to Meijer's request for admissions numbers 12, 14, 16, 18, 20, 22, 24, 30, 32, 34, 36, 38 and 44 are reasserted and reitterated here verbatim and seriatim.

27. Admit that the photograph attached hereto as Exhibit L depicts you leaving the health and beauty or personal care section of the store on August 31, 2016.
RESPONSE: Hegwood object and deny that he was in the store on August 31, 2016. His objection is based on his responses elaborated hereinabove and below, specifically numbers 2, 5, 7, 9, 11, 15, 17, 19, 21 and 25.

28. Admit that the photograph attached hereto as Exhibit M was provided to you by letter dated March 29, 2018
RESPONSE: Hegwood must strenuously object for the reasons that are specified in Meijer's request for admissions numbers 1, 3, 5, 6, 8, 10, 14, 18, 22, 24, 26, 30, 32, 34, 36, 38 and 44 hereinabove and below. In violation of Fed. R. Civ. P. 11 Meijer has sought the same banal and redunt admissions no less than twentyfive 25 times. It's unfair!

29. Admit that the photograph attached hereto as Exhibit M was provided to you (or depicts you leaving the health and beauty or personal care section of the store on August 31, 2016 with a plastic bag.

RESPONSE: This humble seventy (70) year of age male adult African American citizen of the United States must strenuously object to defendant Meijer, Inc., request for admissions 29, 31, 33, 35, 37, 39, 40 as the admission's request any information remotely relating to video footage and/or fake downloaded photographs particularly in light of the facts asserted in Hegwood's response to number 17. Even assuming arguendo that a Federal District Court, Court of Appeals may conclude Meijer is not in violation of Fed. R. Civ. P. 11, the Meijer Store is closed and; the critical question is whether Hegwood entered the Store on the 31st day of August 2016 and comitted the misdomeanor shoplifting offense for which Hegwood was falsely charge, which charge, it must be remembered was dismissed by the Court of competent jurisdiction. Also "a request for admission as to a central fact in dispute is beyond the proper scope of normal and/or reasonable discovery. First National Bank + Trust Co. v. Skokie, 190 F. 2d 791 (7th Cir. 1951); Fed. R. Civ. P. 36(a) 28 U.S.C.A following section 723 C. It can be said without compunction that the matter which, if admitted would dispose of the instant case of controversy. Therefore the request, all sixty two (62) of them are improper; particularly in light of the fact Hegwood's COMPLAINT contends that his arrest and misdomeanor shoplifting charge amounted to false arrest and malicious prosecution. Garcia v. City of Chicago, 2012 U.S. Dist. LEXIS 22708 (Feinerman, J.) McRae v. Comer, 2015 U.S. Dist LEXIS 13038 Powell v. City of Berwyn, 68 F. Supp. 3d 929 (N.D. Ill. 2014); Buchmeier v. City of Berwyn, 2015 U.S. Dist. LEXIS 96319 (N.D. Ill. 2015)(Zagel, J.) Denson v. Johnsburg, 2018 U.S. Dist. LEXIS 5079 (N.D. Ill. 2018)(Reinhard, J.) Manuel v. City of Joliet, 137 S. Ct. 911 (U.S. 2017)...., and cases cited therein.

30. Admit that the photograph attached hereto as Exhibit N was provided to you by letter dated May 29, 2018.
RESPONSE: Hegwood does not deny that he received correspondence from Meijer's attorneys. In point of fact, however he obect to requests all of them and each of them above and below that concern correspondence from Meijer's counsel; as counsel for defendants are lawyers not parties to the cause and their May 29, 2018 letter is not at issue, and it is too late to correct discovery deficiencies because Hegwood has already sought an entry of default. Acceptance Indem Ins Co. v JJA Auto Sales, LLC, 2016 U.S. Dist. LEXIS 89905; Estate of Jones v. City of Martinsburg 2016 U.S. Dist. LEXIS 193353; McMillan v. Mem'l Hermann Health Sys, 2016 U.S. Dist. 117470

31. Admit that the photograph attached hereto as Exhibit N depicts you walking near the checkout lanes of the Store on August 31, 2016
RESPONSE: Denied.

32. Admit that the photograph attached hereto as Exhibit O was provided to you by letter dated March 29, 2018.
RESPONSE: Objection and Response number 30 is reasserted here.

33. Admit that the photograph attached hereto as Exhibit O depicts you leaving the Store on August 31, 2016 with a plastic bag.
RESPONSE: Denied.

34. Admit that the photograph attached hereto as Exhibit P was provided to you by letter dated March 29, 2018.
RESPONSE: Objection. Hegwood's response to number 30, 28, 26, 24, 22, 20, 18, 16, 14, 12, 10, 8, 6 and 4 are reasserted and restated here.

35. Admit that the photograph attached hereto as Exhibit P depicts you leaving the Store on August 31, 2016 with a plastic bag.

RESPONSE: Hegwood vehemently object to defendant's request for admissions number 35; and deny Hegwood was in the Store on August 31, 2016.

36. Admit that the photograph attached hereto as Exhibit Q was provided to you by letter dated March 29, 2018.

RESPONSE: Hegwood must object to any and all request concerning the inadmissable photographic and video surveillance pictures because same is a central fact in dispute. Fidelity Trust Co. v Stickney, supra (which was cite more than     times in Meijer's response to Hegwood's requests for admissions of fact.

37 Admit that the photograph attached hereto as Exhibit Q was provided to you by letter dated March 29, 2018.

RESPONSE: Hegwood's response to requests 36, 34 and 32 are reasserted here. Hegwood deny he was in the Store on August 31, 2018.

38. Admit that the photograph attached hereto as Exhibit R was provided to you by letter dated March 29, 2018

RESPONSE: Hegwood's response to request 36 is reasserted here.

39. Admit that the photograph attached hereto as Exhibit R depicts you leaving the Store on August 31, 2016.

RESPONSE: Hegwood objects and denies he was in the Store on August 31, 2016

40. Admit that you never paid for the merchandise within the plastic bag depicted in Exhibits K, L, M, N, O and P.

RESPONSE: Heqwood strenuously object to defendants' attempts to circumvent the Rules by requesting an admission as to a central fact in dispute, i.e., the core of Heqwood's contention. Quicken Loans v. Jolly, supra, Fidelity Trust Co. v. Stickney, supra.

41. Admit that, on December 2, 2016, you were present at the Store.
RESPONSE: Admitted

42. Admit that, on December 2, 2016, you removed merchandise from the Store, to wit, Chicago Cubs Apparel, without paying for same.
RESPONSE: Denied. Also this pro se plaintiff must object for two (2) reasons. 1) The request for admission is beyond the proper scope scope of normal discovery and 2) Defendants have provided known false material declarations to the State grand jury and intentionally withheld critical exonerating evidence that caused Heqwood to enter a plea to a misdemeanor shoplifting charge. Knowing that Meijer was closed and Heqwood would be deprived of due process in State Court where Heqwood was subjected to selective and malicious prosecution. Esmail v. McCrane, 53 F. 3d 176, 179 (7th Cir. 1995); Indiana State Teachers Ass'n v. Board, 101 F. 3d 1179, 1181 (7th Cir. 1996); Olech v. Village of Willowbrook 160 F. 3d 386 (7th Cir. 1998). It should be noted that Heqwood has filed two (2) different complaints aimed at the conviction's contra validity and seeking to have the conspirators prosecuted under Title 18 U.S.C. Sec. 242 See, i.e., United States v. Gonzalez, 436 F. 3d 560 (5th Cir. 2006) (Where non-white American citizen died from neck injury who prior to his demised stated: "they broke me... Tell them to Kill me ... Tell them to take me to a hospital." It should also be noted that the United States Attorney, Honorable John R. Lausch, Jr. has no intention of being an idle spectator to the diminution of the law and constitution of the United States.

43. Admit that the surveillance footage dated December 2, 2016, shown to you by defense counsel on or about February 16, 2018 depicts you at the Store on the indicated date.

RESPONSE: Hegwood deny that the photograph depicts him.

44. Admit that the photograph attached hereto as Exhibit S was provided to you by letter dated March 29, 2018.

RESPONSE: Hegwood vehemently objects to any and all request for admissions relating to Exhibit S and any and all photographs, video surveillance footage that may have been provided. His responses to request for admissions 4, 6, 8, 10, 18, 20, 22, 24, 26, 28 and 30 are reasserted here. In addition the same objections are made to request for admissions 46, 48, 50, 52, 54, 56, 58, 60 which concern an issue not in controversy; and is improper and in light of the fact the same request was advanced no less than twenty-five (25) times it is reasonably clear that the defendants have persistently manifested bad faith, contumacy and a disregard for the health of this seventy (70) year of age male adult African American citizen of the United States.

45 Admit that the photograph attached hereto as Exhibit S depicts you entering the Store on December 2, 2016.

RESPONSE: Hegwood objects to Meijers request for admissions numbers 45, 47, 49, 51, 53, 55, 57, 59, 61 and 62 and it must be remembered that defendant Meijer elected to close the Store, so Hegwood would be unable to prove that the "video footage dated dated December 2, 2016 shown to [Hegwood] by Defense Counsel on or about February 16, 2018 depicts Hegwood at the Store on the indicated date." Love v. City of Chicago, 2017 U.S. Dist. LEXIS 184081.

Rule 36, is strict albeit does not regulate every conceivable error nor automatically deem any fact admitted because of time. Broad Music v. Hubb, 2015 U.S. Dist LEXIS 43315; Pania-gua v Walter Kidde, 2016 U.S. Dist LEXIS 56154; 183 F. Supp 3d (N.Y. 2016); Wu v Seoul Garden, Inc., 2018, U.S. Dist. LEXIS 9820.

Respectfully submitted

Salmon Hegwood, Jr. pro se,
#20170620227 D-6-1-R
Post Office Box 089002
Chicago, IL 60608

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


TALMON HEGWOOD, JR.,
    Plaintiff,

-versus-

MEIJER, INC, ET AL.,
    Defendants.

No. 17-CV-02887
Honorable GARY FEINERMAN, U
Honorable DANIEL G. MARTIN, M.J.


## AFFIDAVIT OF SERVICE

Before me, the undersigned authority, did personally appear affiant, TALMON Hegwood, Jr., known unto me, who first being duly sworn, according to Law, upon his oath, did depose and state

I HEREBY CERTIFY that I have served a true and correct copy of

PLAINTIFF'S RESPONSE
TO DEFENDANT MEIJER'S FIRST SET OF REQUEST FOR ADMISSIONS

on:

Mr. Michael Durkin, Esq.
Storino Ramello + Durkin
Attorneys-At-Law
9501 West Devon Suite 800
Rosemont, IL 60018

Mr. Michael Sheahan, Esq.
Cunningham Meyer + Vedrine
Attorneys-At-Law
One East Wacker Drive
Chicago, IL 60601

Honorable John R. Lausch, Jr.
United States Attorney
U.S. Department of Justice
219 South Dearborn Street
Chicago, IL 60604

Mr. Edward Eisendrath, Esq.
Chief Executive Officer
Chicago Sun Times
350 North Orleans
Chicago, IL 60654

by placing same in sealed envelopes, having the communications, photocopied, logged, sufficient postage affixed and delivered to the mailroom at the CCDOC to be posted with the U.S. Postal Service on this the 2nd day of May, 2018.

I, Talmon Heywood, Jr. declare under the penalties of perjury the above is true and correct.

Respectfully submitted,

_Talmon Heywood J._

Talmon Heywood, Jr. Affiant
#20170620227 D-6-1-A
Post Office Box 089002
Chicago, IL 60608

SUBSCRIBED AND SWORN TO before me, this the 24th day of April 2018

_____

NOTARY PUBLIC

OFFICIAL SEAL
M GAUTHIER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/17/21

**Thomas Dart**
**Sheriff**



**Cara Smith**
**Executive Director**

## COOK COUNTY DEPARTMENT OF CORRECTIONS
## RECORDS OFFICE

2700 S. California Avenue
Chicago, Illinois 60608
TX: (773) 674-6810
Fax: (773) 674-7292

# <u>VERIFICATION OF INCARCERATION</u>

JAIL BOOKING NUMBER: 2015-0820201

REGARDING: Hegwood, Talmon
SUBJECT'S NAME

TODAY'S DATE: 3-1-16

DATE OF BIRTH: 3-14-48

SOCIAL SECURITY NUMBER: 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

Pursuant to your request the following information is submitted:

Jail Booking Number: 2015-0820201    Jail Booking Number:

Date entered in CCDOC: 8-20-15

Date Released: Still In Custody    Date entered in CCDOC:

Case/Docket #: 15C44050801    Date Released:

Charge (s): Retail Theft    Case/Docket #:

Disposition: Still Pending    Charge (s):

Disposition Date:    Disposition:

Disposition Date:

Inmate Serv.
Copy

Mai
Signature of A.A.
Completing Form

Exhibit A

Inmate Name: Hegwood, Talmon    Inmate #: 0245990    Booking #: 20170620227

Friday, July 14, 2017
5:04:37 AM

Prisoner Type: Pre-Trial

| | | | | | | |
|---|---|---|---|---|---|---|
| Bkg Date/Time: | 6/20/2017 5:17 PM | Hair Color: | Black | Citizen Of: | USA | |
| Age: | 69 | Eye Color: | Brown | Birth Place: | USA | |
| DOB: | 3/13/1948 | Height: | 6 ft 0 in | Religion: | Catholic | |
| SSN #: | 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 | Weight: | 170 | Gang: | | |
| FBI #: | 744716F | Build: | Medium | Cell Location: | DIV 15-HP-HOSPITAL- | |
| SID #: | IL10937100 | Complex: | Medium Brown | | GENERAL | |
| IR #: | 121196 | | | | | |

Arrest Address:
Home Address:                 City:              State:          Zip:          Phone #:
Emergency Name:               Relationship:

| CCOMS Case | Type | Docket # | Current Bond | Last Court Date | Court ID |
|---|---|---|---|---|---|
| 244982 | State Statute | 17400294701 | | 6/30/2017 9:00 AM | Maywood |
| | Case Continued | | | | |

Hegwood, Talmon

| Alias Full Name | Date of Birth | SSN | Associated Booking | Date | Alias Type |
|---|---|---|---|---|---|
| Hegwood, Talmon | 3/13/1948 | 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 | 20170620227 | 6/20/2017 | Alias |
| Hegwood, Talmon | 3/15/1948 | 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 | 20170620227 | 6/20/2017 | Commit Name |
| Hegwood, Talmon | 3/15/1948 | 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 | 20170610011 | 6/10/2017 | Commit Name |
| Hegwood, Talmon | 3/15/1948 | 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 | 20170406002 | 4/6/2017 | Commit Name |
| Hegwood, Talmon | 3/14/1948 | 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 | 20161204093 | 12/4/2016 | Commit Name |
| Hegwood, Talmon | 3/14/1948 | 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 | 20150820201 | 8/20/2015 | Commit Name |
| Hegwood, Talmon | 3/14/1948 | 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 | 20141203076 | 12/3/2014 | Commit Name |
| Hegwood, Talmon | 3/14/1948 | | 20080076791 | 10/8/2014 | Name |

Any Information and Reports produced from the Cook County Offender Management System (CCOMS) is for internal distribution only. For an official copy of a report from CCOMS, contact the Business Intelligence Unit at CCSO.DataRequest@cookcountyil.gov

Exhibit B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS

v.                                        No. 16CR18843 and 16CR18844

TALMON HEGWOOD, JR.

ORDER

This matter coming before the Court and the Court having jurisdiction over the subject matter and the parties hereto and being advised in the premises:

IT IS HEREBY ORDERED that the shoplifting charge People v. Hegwood, No 16CR18843 is dismissed with prejudice.

IT IS FURTHER ORDERED that Chief of Police for the Berwyn Police Department (BPD) and/or law enforcement personel for the city of Berwyn, return to Talmon Hegwood, JR., any and all property that belongs to him which was detained by Berwyn police Department on or about December 2, 2016, immediately upon receipt and/or presentation of this ORDER

IT IS SO ORDERED.

ENTERED
FOURTH MUNICIPAL DISTRICT
CIRCUIT COURT OF COOK COUNTY

FEB 27 2017

DOROTHY BROWN
ENTERED
Clerk of the Circuit Court

Attorney No.: _____
Name: _____
Atty. for: _____                Dated: _____ , _____
Address: _____
City/State/Zip: _____           Ramon Ocasio III   1936
Telephone: _____
                                          Judge              Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Talmon Hegwood, Jr.,                    )
                                        )
                    Plaintiff,          )
                                        )        Case No.  17 C 2887
            v.                          )
                                        )        Magistrate Judge Daniel G. Martin
Meijer, Inc, et al,                     )
                                        )
                    Defendant.          )

## **ORDER**

The Clerk of Court is directed to remove document numbers 105, 106, 107, 108, 109, and 112 from the public record.  Local Rule 26.3 expressly forbids the filing of discovery materials in the absence of a court order.

Date: 4/09/2018                                 /s/ *Daniel G. Martin*
                                                United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TALMON HEGWOOD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:17-CV-02887 |
| vs. | ) | Honorable Gary Feinerman |
| | ) | Magistrate Judge Daniel Martin |
| MEIJERS and CASEY STEFANO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, MEIJER'S, FIRST SET OF REQUESTS FOR ADMISSIONS

NOW COMES the defendant, MEIJER, INC., incorrectly sued as MEIJERS, and pursuant to Federal Rule 36 of the Federal Rules of Civil Procedure submits the following Requests for Admissions to the Plaintiff, TALMON HEGWOOD:

## INSTRUCTIONS

If Talmon Hegwood, Jr. (hereafter the "Plaintiff") fails to respond or object to any request within 30 days of the service of the Requests, the matter shall be deemed admitted under Fed. R. Civ. P. 36.

As is more fully set out in Fed. R. Civ. P. 36(a), the Plaintiff must admit or deny each request, and, where necessary, specify the parts of each request to which he objects or cannot in good faith admit or deny. If the Plaintiff objects to only part of a Request, it must admit or deny the remainder of the Request. In the event that the Plaintiff objects to or denies any Request or portion of a Request, the Plaintiff must state the reasons for his objection or denial.

These Requests shall be deemed continuing and supplemental answers shall be required if

MOTION FOR JUDGMENT BY DEFAULT Exhibit F

you directly or indirectly obtain further information after your initial response as provided by Fed. R. Civ. P. 26(e).

Each Request solicits all information obtainable by the Plaintiff. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

## DEFINITIONS

1.     The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

2.     The term "document" means and includes without limitation all correspondence, memoranda, certificates, notes, books, manuals, pamphlets, brochures, advertisements, books of account, balance sheets, financial statements, profit and loss statements, working papers, schedules, diaries, calendars, logs, time records, equipment records, microfilms, transcripts, recordings, tapes, telexes, telegrams, files, proposals, bids, offers, contracts, agreements, change orders, worksheets, drawings, blue prints, designs, specifications, time cards, compilations, graphs, charts, bills, statements, invoices, receipts, bills of lading, shipping records, confirmations, applications, purchase orders, checks, checkbooks and other checking records, photographs, formulae, prescriptions, studies, projections, reports, computer programs, information contained in computer banks, tapes, cards, printouts and drafts to the extent they differ from the originals, and all other records and papers of any nature whatsoever.

3.     Any reference to a specifically named person, corporation or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts. The term "person"

2

means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trusts, estates, firms and any other entity.

4. As used herein, "Plaintiff" means, unless otherwise indicated, Talmon Hegwood, Jr.

5. "You" or "Your" means the Plaintiff, Talmon Hegwood, Jr., and all persons acting on behalf of the Plaintiff.

6. As used herein, "Defendant", shall be deemed to include Meijer Inc., as well as its agents, attorneys, representatives or any other person acting on its behalf or on behalf of any one of them, unless otherwise indicated.

7. "Stefano" as used herein, means Defendant, Officer Casey Stefano.

8. As used herein, "the Store" shall be deemed to reference the Meijer Retail Store located at 7111 Cermak Road, Berwyn, Illinois 60402.

## FIRST SET OF ADMISSIONS

1. Admit that, on August 31, 2016, you were present at the Store.

**RESPONSE:**

2. Admit that, on August 31, 2016, you removed merchandise from the store, *to wit*, various health and beauty products, without tendering any payment for the same.

**RESPONSE:**

3. Admit that the surveillance footage dated August 31, 2016, shown to you by Defense Counsel on or about February 16, 2018, depicts you at the Store on the indicated date.

**RESPONSE:**

4. Admit that the photograph attached hereto as Exhibit A was provided to you by letter dated March 29, 2018.

3

**RESPONSE:**

     5.     Admit that the photograph attached hereto as Exhibit A depicts you entering the Store on August 31, 2016.

**RESPONSE:**

     6.     Admit that the photograph attached hereto as Exhibit B was provided to you by letter dated March 29, 2018.

**RESPONSE:**

     7.     Admit that the photograph attached hereto as Exhibit B depicts you walking in the front aisle of the Store on August 31, 2016.

**RESPONSE:**

     8.     Admit that the photograph attached hereto as Exhibit C was provided to you by letter dated March 29, 2018.

**RESPONSE:**

     9.     Admit that the photograph attached hereto as Exhibit C depicts you walking towards the self check-out lanes of the Store on August 31, 2016.

**RESPONSE:**

     10.     Admit that the photograph attached hereto as Exhibit D was provided to you by letter dated March 29, 2018.

**RESPONSE:**

     11.     Admit that the photograph attached hereto as Exhibit D depicts you in the self check-out lanes of the Store on August 31, 2016.

**RESPONSE:**

     12.     Admit that the photograph attached hereto as Exhibit E was provided to you by letter dated March 29, 2018.

**RESPONSE:**

     13.     Admit that the photograph attached hereto as Exhibit E depicts you in the self

check-out lanes of the Store on August 31, 2016.

**RESPONSE:**

14.     Admit that the photograph attached hereto as Exhibit F was provided to you by letter dated March 29, 2018.

**RESPONSE:**

15.     Admit that the photograph attached hereto as Exhibit F depicts you in the health and beauty or personal care section of the Store on August 31, 2016.

**RESPONSE:**

16.     Admit that the photograph attached hereto as Exhibit G was provided to you by letter dated March 29, 2018.

**RESPONSE:**

17.     Admit that the photograph attached hereto as Exhibit G depicts you in the health and beauty or personal care section of the Store on August 31, 2016.

**RESPONSE:**

18.     Admit that the photograph attached hereto as Exhibit H was provided to you by letter dated March 29, 2018.

**RESPONSE:**

19.     Admit that the photograph attached hereto as Exhibit H depicts you in the health and beauty or personal care section of the Store on August 31, 2016.

**RESPONSE:**

20.     Admit that the photograph attached hereto as Exhibit I was provided to you by letter dated March 29, 2018.

**RESPONSE:**

21.     Admit that the photograph attached hereto as Exhibit I depicts you in the health and beauty or personal care section of the Store on August 31, 2016.

**RESPONSE:**

5

22.     Admit that the photograph attached hereto as Exhibit J was provided to you by letter dated March 29, 2018.

**RESPONSE:**

23.     Admit that the photograph attached hereto as Exhibit J depicts you in the health and beauty or personal care section of the Store on August 31, 2016.

**RESPONSE:**

24.     Admit that the photograph attached hereto as Exhibit K was provided to you by letter dated March 29, 2018.

**RESPONSE:**

25.     Admit that the photograph attached hereto as Exhibit K depicts you in the health and beauty or personal care section of the Store on August 31, 2016 with a plastic bag on the shelf.

**RESPONSE:**

26.     Admit that the photograph attached hereto as Exhibit L was provided to you by letter dated March 29, 2018.

**RESPONSE:**

27.     Admit that the photograph attached hereto as Exhibit L depicts you leaving the health and beauty or personal care section of the Store on August 31, 2016 with a plastic bag.

**RESPONSE:**

28.     Admit that the photograph attached hereto as Exhibit M was provided to you by letter dated March 29, 2018.

**RESPONSE:**

29.     Admit that the photograph attached hereto as Exhibit M depicts you leaving the health and beauty or personal care section of the Store on August 31, 2016 with a plastic bag.

**RESPONSE:**

30.     Admit that the photograph attached hereto as Exhibit N was provided to you by letter dated March 29, 2018.

**RESPONSE:**

31.    Admit that the photograph attached hereto as Exhibit N depicts you walking near the check-out lanes of the Store on August 31, 2016 with a plastic bag.

**RESPONSE:**

32.    Admit that the photograph attached hereto as Exhibit O was provided to you by letter dated March 29, 2018.

**RESPONSE:**

33.    Admit that the photograph attached hereto as Exhibit O depicts you leaving the Store on August 31, 2016 with a plastic bag.

**RESPONSE:**

34.    Admit that the photograph attached hereto as Exhibit P was provided to you by letter dated March 29, 2018.

**RESPONSE:**

35.    Admit that the photograph attached hereto as Exhibit P depicts you leaving the Store on August 31, 2016 with a plastic bag.

**RESPONSE:**

36.    Admit that the photograph attached hereto as Exhibit Q was provided to you by letter dated March 29, 2018.

**RESPONSE:**

37.    Admit that the photograph attached hereto as Exhibit Q depicts you leaving the Store on August 31, 2016.

**RESPONSE:**

38.    Admit that the photograph attached hereto as Exhibit R was provided to you by letter dated March 29, 2018.

**RESPONSE:**

39.    Admit that the photograph attached hereto as Exhibit R depicts you leaving the Store on August 31, 2016.

**RESPONSE:**

40. Admit that you never paid for the merchandise within the plastic bag depicted in Exhibits K, L, M, N, O and P.

**RESPONSE:**

41. Admit that, on December 2, 2016, you were present at the Store.

**RESPONSE:**

42. Admit that, on December 2, 2016, you removed merchandise from the store, *to wit*, Chicago Cubs Apparel, without tendering any payment for the same.

**RESPONSE:**

43. Admit that the surveillance footage dated December 2, 2016, shown to you by Defense Counsel on or about February 16, 2018, depicts you at the Store on the indicated date.

**RESPONSE:**

44. Admit that the photograph attached hereto as Exhibit S was provided to you by letter dated March 29, 2018.

**RESPONSE:**

45. Admit that the photograph attached hereto as Exhibit S depicts you entering the Store on December 2, 2016.

**RESPONSE:**

46. Admit that the photograph attached hereto as Exhibit T was provided to you by letter dated March 29, 2018.

**RESPONSE:**

47. Admit that the photograph attached hereto as Exhibit T depicts you walking in the Store near a frozen food cooler on December 2, 2016.

**RESPONSE:**

8

48. Admit that the photograph attached hereto as Exhibit U was provided to you by letter dated March 29, 2018.

**RESPONSE:**

49. Admit that the photograph attached hereto as Exhibit U depicts you near Chicago Cubs Apparel the Store on December 2, 2016.

**RESPONSE:**

50. Admit that the photograph attached hereto as Exhibit V was provided to you by letter dated March 29, 2018.

**RESPONSE:**

51. Admit that the photograph attached hereto as Exhibit V depicts you with your hands on merchandise at the Store on December 2, 2016.

**RESPONSE:**

52. Admit that the photograph attached hereto as Exhibit W was provided to you by letter dated March 29, 2018.

**RESPONSE:**

53. Admit that the photograph attached hereto as Exhibit W depicts you walking away from an apparel display with merchandise at the Store on December 2, 2016.

**RESPONSE:**

54. Admit that the photograph attached hereto as Exhibit X was provided to you by letter dated March 29, 2018.

**RESPONSE:**

55. Admit that the photograph attached hereto as Exhibit X depicts you walking in a main aisle at the Store on December 2, 2016 with merchandise under your arm.

**RESPONSE:**

56. Admit that the photograph attached hereto as Exhibit Y was provided to you by letter dated March 29, 2018.

**RESPONSE:**

57.     Admit that the photograph attached hereto as Exhibit Y depicts you walking towards the exit of the Store on December 2, 2016 with merchandise under your arm.

**RESPONSE:**

58.     Admit that the photograph attached hereto as Exhibit Z was provided to you by letter dated March 29, 2018.

**RESPONSE:**

59.     Admit that the photograph attached hereto as Exhibit Z depicts you exiting the Store on December 2, 2016 with merchandise under your arm.

**RESPONSE:**

60.     Admit that the photograph attached hereto as Exhibit AA was provided to you by letter dated March 29, 2018.

**RESPONSE:**

61.     Admit that the photograph attached hereto as Exhibit AA depicts you exiting the Store on December 2, 2016 with merchandise under your arm.

**RESPONSE:**

62.     Admit that you never paid for the merchandise under your arm as depicted in Exhibits V, W, X, Y, Z and AA before you exited the Store.

**RESPONSE:**

Respectfully Submitted,

MEIJER, INC.

By: _____
*One of the Attorneys for Defendant*

Amy J. Thompson
Joseph C. Sheahan
CUNNINGHAM, MEYER & VEDRINE, P.C.
*Attorneys for Defendant, Meijer, Inc.*
One East Wacker Drive
Suite 2200
Chicago, Illinois 60601
312-578-0049

10

TALMON HEGWOOD, JR.

    Plaintiff,

~versus~

    No. 1:17-CV-2887
    Honorable GARY FEINERMAN, J.
    Honorable DANIEL G. MARTIN, M.J.

MEIJER, INC., and CASEY STEFANO,

    Defendants.

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO: Meijer, Inc.
    c/o Mr. Joseph C. Sheahan, Esq.
    Cunningham, Meyer + Vedrine P.C.
    Attorneys-At-Law
    1 East Wacker Drive Suite 2200
    Chicago, Illinois 60601

    Talmon Hegwood, Jr. (Hegwood) plaintiff herein respectfully request that Meijer, Inc., (Meijer) defendant herein produce to Hegwood within thirty (30) days of the date of this discovery devise the documents and materials listed below. This request is being made pursuant to Fed. R. Civ. P. 34.

    1. Pictures of the (1) blue Chicago Cubs World Series Championship hoodies and (15) gray World Series Championship T-shirts that loss prevention agent Marcus Anderson (Anderson) retrieved from a seat in the Popeye's Restaurant on or about December 2, 2016.

    2. Invoice revealing Meijer, Inc. purchased Chicago Cubs World Series Championship hoodies and T-shirts to be sold, displayed and marketed in Meijer

MOTION FOR JUDGMENT BY DEFAULT
Exhibit G

3. "Photo" purporting to portray Heywood Anderson provided to Officer Casey Stefano (Stefano) in connection with the complaint he signed that led to the malicious prosecution of Heywood.

4. Copy of the "ORDER" of Honorable Judge RAMON Ocassio which dismissed the false shoplifting charge and ordered Berwyn Police to return Heywood's property to Heywood

5. Copy of any and all documents that within the scope of your knowledge and/or within the scope of your Attorney's knowledge is relevant to the conduct described in the complaints Meijer and/or its agent signed that led to the prosecution of Heywood.

As a courtesy Heywood has annexed hereto copies of the "OFFICIAL SWORN POLICE REPORT" executed by Stefano concerning the incidents that violate Heywood's clearly established constitutional rights.

Respectfully submitted,

Talmon Heywood, Jr. pro se
#2017 0620227 D-4-K-2
Post Office Box 089002
Chicago, ILL 60608

SUBSCRIBED AND SWORN TO
before me, this the 20 day of December 2017.

NOTARY PUBLIC

"OFFICIAL SEAL"
M RUIZ-NAVARRO
Notary Public, State of Illinois
My Commission Expires 6/19/2021

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TALMON HEGWOOD, JR.,      )
                               )
    Plaintiff,            )
                               )
    vs.                 )    Case No.: 1:17-CV-02887
                               )    Honorable Gary Feinerman
MEIJERS and CASEY STEFANO,    )
                               )
    Defendants.         )

## DEFENDANT, MEIJERS', RESPONSES TO
## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES, Defendant, MEIJER, INC., incorrectly sued as "MEIJERS," by and

through its undersigned attorney, pursuant to Fed. R. Civ. P. 34 and for its Responses to

Plaintiff's Request for Production of Documents states as follows:

    1.    Pictures of the (11) blue Chicago Cubs World Series Championship hoodies and

(15) grey World Series Championship T-shirts that loss prevention agent Marcus Anderson

(Anderson) retrieved from a seat in the Popeye's Restaurant on or about December 2, 2016.

**RESPONSE:** **Objection. This request is vague, ambiguous and assumes facts not in evidence. Subject to and without waiving said objections, Defendant affirmatively states that Mr. Anderson did not retrieve any of the stolen merchandise from a seat in the Popeye's Restaurant or elsewhere and did not take any pictures of the stolen merchandise. Answering further and subject to the prior objections, the only pictures of the stolen merchandise known to Defendant and in its custody and control are the surveillance footage and still shot images produced by Defendant pursuant to the Court's request and provided to Plaintiff via letter on March 29, 2018, the receipt of which was acknowledged by Plaintiff during the April 5, 2018 court appearance.**

    2.    Invoise [*sic*] revealing Meijer, Inc. purchased Chicago Cubs World Series

Championship hoodies and T-shirts to be sold, displayed and marketed in Meijer.

**RESPONSE:** Objection. This request is vague, ambiguous, harassing and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence.

3. "Photo" purporting to portray Hegwood Anderson provided to Officer Casey Stefano (Stefano) in connection with the complaint he signed that led to the malicious prosecution of Hegwood.

**RESPONSE:** Objection. This request is vague, ambiguous, argumentative and duplicative. Subject to and without waiving said objections, see photographs provided to Plaintiff by letter dated January 26, 2018 in response to Plaintiff's subpoena directed at Defendant and pursuant to Docket Entry No. 75.

4. Copy of the "ORDER" of Honorable Judge RAMON Ocassio which dismissed the false shoplifting charge and ordered Berwyn Police to return Hegwood's property to Hegwood.

**RESPONSE:** Objection. This request vague, ambiguous, argumentative, assumes facts not in evidence and is better directed at other individuals/entities. Subject to and without waiving said objections, no such Order or document is in Defendant's custody, possession or control.

5. Copy of any and all documents that within the scope of your knowledge and/or within the scope of your Attorney's knowledge is relevant to the conduct described in the complaints Meijer and/or its agent signed that leg to the prosection of Hegwood.

**RESPONSE:** Objection. This request is vague, ambiguous, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence. Subject to and without waiving said objections, none other than the surveillance footage previously shown to Plaintiff, the still frames from said surveillance footage supplied to Plaintiff, documents supplied to Plaintiff by Defendant in response to his subpoena (as referenced in Defendant's Response to Request No. 3), documents provided to and retained by the Berwyn Police Department at the time of the offenses and the attached theft reports.

Respectfully submitted,
MEIJER, INC.

By: /s/ Joseph C. Sheahan
    *One of its Attorneys*

Joseph C. Sheahan (IL Bar 6313969)
CUNNINGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049
Fax: (312) 578-0247
E-Mail: jsheahan@cmvlaw.com
*Attorney for Meijer, Inc.*

## CERTIFICATE OF SERVICE

A copy of the **DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** filed electronically this 11th day of May, 2018. Notice of this filing will be sent to all parties by mail. Parties may access this filing through the court's electronic system.

***Pro se* Plaintiff**
Talmon Hegwood, Jr.
4642 S. Michigan, #358
Chicago, Illinois 60653

Talmon Hegwood, Jr.
#20170620227-D-2-D-2-N-44
Medical Unit
P.O. Box 089002
Chicago, Illinois 60608

Talmon Hegwood, Jr.
#20170620227 RTU H-3
P.O. Box 089002
Chicago, Illinois 60608

**Attorneys for Co-Defendant**
Andrew Y. Acker
Storino, Ramello & Durkin
9501 West Devon
8th Floor
Rosemont, Illinois 60018
847-318-9500
Andrew@srd-law.com
MRDurkin@srd-law.com

/s/Joseph C. Sheahan
Joseph C. Sheahan (#6313969)
CUNNINGHAM, MEYER & VEDRINE, P.C.
One East Wacker Drive, Suite 2200
Chicago, Illinois 60601
(312) 578-0049
(312) 578-0247 - fax
Email: jsheahan@cmvlaw.com
**Attorneys for Defendant, Meijer, Inc.**

4

MOTION FOR JUDGMENT BY DEFAULT Exhibit Group I

31 January 2018

Mr. Joseph C. Sheahan, Esq.
Cunningham, Meyer + Vedrine, P.C.
Attorneys At Law
One East Wacker Drive Suite 200
Chicago, IL 60601

Re: Hegwood -v- Mojjer, Inc, et al.
    No. 1:17-cv-02887
    Honorable Gary Feinerman, J
    Honorable Magistrate Daniel Martin

Dear Attorney Sheahan =

Please review your "RESPONSES TO PLAINTIFF'S" INTERROGATORIES and "REQUEST FOR ADMISSIONS OF FACTS" and compare with your . ANSWERS TO PLAINTIFF'S COMPLAINT". The undersigned is not satisfied with responses to legitimate demands made for discovery nor the answers your client provided.

Therefore, please accept this letter as my endeavour to "meet and confer", pursuant to Rule 37(a)(2)(B) of the Fed. R Civ. P. in an effort to resolve the matter whereby the necessity for Courts involvement may be alleviated.

A timely response to this letter would be prudent.

Yours truly,

Talmon Hegwood, Jr.
#20170602022 7 D-4-1-L
Post Office Box 089002
Chicago, IL 60608

SUBSCRIBED AND SWORN TO
before me, this the 31st day of January 2018.

NOTARY PUBLIC

cc: Mr. Andrew Y Acker, Esq.
    DOJ: FBI: USA

OFFICIAL SEAL
D HUGHES
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/30/18

MOTION TO COMPEL Exhibit E

26 March 2018

Mr. Joseph C. Sheahan, Esq.
Cunningham Meyer + Vedrind
Attorneys-At-Law
One East Wacker Drive Ste. 2200
Chicago, IL 60601

Re: Heywood v. Meyer, Inc, ET AL
No. 1:17: CV- 02887
Honorable(s) GARY FEINERMAN J., DANIEL MARTIN, M.J.

Dear Attorney Sheahan:

Please find enclosed a copy of my letter dated addressed to Attorney Michael Durkin, Esq., wherein you are mentioned. Of course, what I expressed to Mr. Durkin also apply to you. But nevertheless, I'll take this opportunity to say to you personally, young man, I sincerely apologise if the tone of my pleadings may have given the impression I was launching a personal attack on the lawyers charged with the responsibility of providing defendants with legal representation. I would ask that you please note, Counsel, my demeanor and mannerism during our in-person meeting was more than cordial. I recall vividly that both you and Attorney Durkin left with smiles on your faces. In point of fact, however, I yield to the Court; so if the United States Magistrate Judge, Honorable Daniel Martin opin my tone towards opposition counsel is improper, rest assured you may, there shall be an immediate change. Incidentally, how are you?

During the hearing I believe you advised the Court that you had not received the documents described in my letter to Attorney Durkin. I had asked Law Librarian, Mrs Carmella Richardson to provide me with the dates the library logged, copied, affixed sufficient postage and delivered the large manilla envelopes to the CCDOC mailroom to be posted with the U.S. Postal Service. In fact, I stated: "The Judge wants to know. Law Librarian Richardson responded:" I'm too busy."

In any case, you will find enclosed herewith complete copies of the pro se plaintiff's answers to interrogatories, (Meijer and Stefano) Meijer's Notice For Production of Documents, Plaintiff's Response To Defendant Stefano's First Request For Production of Documents; Motion For A Consolidation Order and Request For Production of Documents which I have served on Meijer twice. Please accept this letter as my "meet and confer" device and; Please produce the materials requested therein (which are also listed in my motion to compel discovery Doc. # 60

A timely response would be considered a great courtesy.

Yours truly,

Talmon Legwood, Jr.
# 20170670227 D-6-2-R
P. O. Box 089002
Chicago, IL 60608

CC: Honorable Daniel G. Martin
Honorable Gary Feinerman
Honorable John R. Lausch, Jr.
Mr. Michael Durkin, Esq.

SUBSCRIBED AND SWORN TO BEFORE me, this the ____ day of March, 2018

"OFFICIAL SEAL"
Mellicent Ear
Notary Public, State of Illinois
My Commission Expires 12/5/2018

NOTARY PUBLIC   Mellet Ear   3/24

April 9 2018

Mr. Michael Durkin, Esq.
Storello Romello + Durkin
Attorneys-At-Law
9501 West Devon Suite 800
Rosemont, IL 60018

Re: Hegwood v. Meijer, Inc, et al.
     No. 1:17-CV-02887
     Honorable GARY FEINERMAN, J
     Honorable DANIEL G. MARTIN. M.J.

Dear Mr. Durkin:

During the April 5, 2018 Status hearing conducted by the United
States Magistrate Judge, Honorable Daniel G. Martin (MJ) you and Mr.
Joseph C. Sheehan both indicated that you did not receive the copies
of plaintiff's "REQUEST FOR ADMISSIONS OF GENUINESS OF DOCUMENTS"
served upon both counsel of record in the above referenced cause
pursuant to the "PRISONER MAIL BOX RULE", and the Fed. R. Civ. P. as
well as the Court's Local Rules as indicated by my "AFFIDAVIT OF SERVICE"
annexed to the above described Fed. R. Civ. P. 36 discovery devise. Therefore,
that same day, additional copies were mailed to you, Did you receive the
Fed. R. Civ. P. 36 discovery devise. If so, please provide your response.
This is, of course, my "meet and confer" letter and hopefully it will obviate
the necessity of filing a motion to compel a response.

        Enclosed herewith, please find a copy of my medical records that
were compiled by Health Care Providers employed by MacNeal Hospital on
the date of my unconstitutional arrest by defendants Casey Stefano and
Meijer, Inc. loss prevention agent Marcus Anderson.

        If you recall, Counsel, the MJ instructed this pro se plaintiff to

provide numbers of pages of and/or on documents in the future when responding to defendants discovery requests. Please note, Counsel the enclosed copies of my medical records have numbers that are or may no doubt cause much confusion. Therefore, to avoid this I have taken the liberty to affix number 1-67 on the enclosed medical records; blank back sides—as I dare not cause the documents to become inadmissable by making any markings thereon not made by one of MacNeal Hospital staff. Please acknowledge receipt of the enclosed 67 pages of medical records.

I shall also review my answers and responses to defendants' interrogatories and motions for production and, pursuant to the valuable hint of the MJ supplement my answers and responses. I would again respectfully urge defendants to review their answers to my original complaint, answers to interrogatories and responses to my requests made pursuant to the applicable provisions of the Fed. R. Civ. P., and please provide truthful answers.

Copies of other medical records and documents shall be made available to both attorneys of record by the undersigned in the near future. In the meantime, I wish both of you well.

Sincerely,

Almon Reddood, Jr.
#2017060227 D-6-1-R
Post Office Box 089002
Chicago, IL 60608

cc: w/ encl.
Honorable Magistrate Judge Martin
Mr. Joseph C. Sheahan, Esq.

SUBSCRIBED AND SWORN TO before me, this the 9th day of April, 2018.

OFFICIAL JAN
M GAUTHIER
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 04/17/21

NOTARY PUBLIC

26 March 2018

Mr. Michael Durkin, Esq.
Storino Romello + Durkin
Attorneys-At-Law
9801 West Devon Suite 800
Rosemont, IL 60618

Re: Hegwood v. Meijer, et al.
No. 1:17-cv-02887 Civil Action U.S. Dist. Ct.
Hon(s) Gary Feinerman, J., Daniel G. Martin, M.J.

Dear Attorney Durkin:

United States Magistrate Judge, Honorable, Daniel G. Martin indicated during the hearing conducted on March 23, 2018 that both you and Attorney Joseph C. Sheahan, Esq. "are fine, young lawers" and that "personal attacks on opposing counsel is unnecessary." Evidently, Magistrate Judge Martin (Judge Martin) recognized in you two attorneys what I saw when you visited me here at the Cook County Department of Corrections (CCDOC) and permitted me to view the video footage on your computer. If you recall, Counsel you and Attorney Sheahan were treated with the utmost respect and I advised both of you that: "I'm no match for you." I recall with sharp clarity stating during our in-person meeting saying to both of you "Doctor are like wine, best when they are aged. But lawyer are like bread best when they are young and new." Did I not? Well, that is still my sentiment which is borne out

by the way you were treated during our in-person meeting and, of course the comments of the Federal Magistrate. Therefore, please do not imagine that I hold any contempt or enmity for you or your clients. And, please accept my humble apology if my tone in any of the documents prepared by this writer may have indicated otherwise.

Also, during the hearing you and Attorney Sheahan stated you did not receive (1) "Plaintiff's Response to Defendants Stefano's First Request for Production of Documents" (2) "Plaintiff's Answers to Stefano's Interrogatories" (3) "Plaintiff's Response to Meijer's Notice for Production of Documents" (4) "Plaintiff's Answers to (Meijer's) Interrogatories" (5) "Plaintiff's Motion for a Consolidation Order and; "Plaintiff's Request for Production of Documents." The Court state it would sign an ORDER directing Law Librarian, Mrs. Murriel Gautier to cause another copy of each document to be mailed to you. You will find a copy of each document listed hereinabove enclosed herewith. I am also enclosing copies of the envelopes which enclosed copies of the materials the law librarian, Mrs. Richardson, stated she had previously delivered to the CCDOC mailroom to be posted with the U.S. Postal Service addressed to you, Attorney Sheahan and Attorney Amy J. Thompson, Esq. If you need anything else from yours truly please don't hesitate to let me know.

Sincerely,

Talmon Ilewood, Jr.
#20170620227 D-6-2K
Post Office Box 089002
Chicago, IL 60608

cc: w/encl.

Mr. Joseph C. Sheahan
Honorable Gary Feinerman
Honorable Daniel G. Martin
Honorable John R. Lausch

SUBSCRIBED AND SWORN to before me this the _____ day of _____ 2018.

"OFFICIAL SEAL"
Mellicent Ear
Notary Public, State of Illinois
My Commission Expires 12/5/2018

_____
NOTARY PUBLIC

Mellict Eur 3/26/18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TALMON HEGWOOD, JR.,                    )
                                        )
        Plaintiff,                      )
                                        )       Case No. 1:17-cv-02887
        Vs.                             )       Honorable Judge Gary Feinerman
                                        )
MEIJERS and CASEY STEFANO,              )
                                        )
        Defendants.                     )

## DEFENDANT CASEY STEFANO'S RESPONSE TO REQUEST FOR
## ADMISSIONS OF GENUINENESS OF DOCUMENTS

NOW COMES the Defendant, CASEY STEFANO ("Stefano"), by and through his

attorneys, Storino, Ramello & Durkin, and for his Response to Request for Admissions of

Genuineness of Documents, states as follows:

1.      "ARREST REPORT" prepared by Stefano as "1st Arresting Officer" who

acknowledges" and affirms *[sic]* under penalty of perjury that the facts stated in the document...

are accurate..." The document that a "VISUAL CHECK of Hegwood revealed no "obvious pain

or injury" and arrest "Location 7111 W. Cermak Road."

**RESPONSE: Defendant Stefano objects to Request to Admit Number 1 because it
is vague and ambiguous, and does not accurately summarize or state the terms of
the document sought to be admitted. Without waiving said objections Defendant
Stefano denies request Number 1, as the document attached and referenced as
Exhibit E was not prepared by him.**

MOTION FOR JUDGMENT BY DEFAULT Exhibit J

2.    "ARREST REPORT" prepared by Stefano as "1st Arresting Officer" who again "affirms *[sic]* under penalty of perjury that the facts stated in the document are accurate..." The document states that a VISUAL CHECK OF ARRESTEE... Hegwood revealed "obvious pain or injury" and Arrest Location 7111 W. Cermak Road.

> **RESPONSE: Defendant Stefano objects to Request to Admit Number 2 because it is vague and ambiguous, and does not accurately summarize or state the terms of the document sought to be admitted. Without waiving said objections Defendant Stefano denies request Number 2, as the document attached and referenced as Exhibit F was not prepared by him.**

3.    "OFFICIAL SWORN POLICE REPORT" which is a six (6) page document stating that Stefano, James Tadrowski, (Tadrowski) Achille Chiappetta, ("Chiapetta) Edward Tovar, (*Tovar) William Messuci, (Massuci) Peter J. Podgorski, (Podgorski) Joseph R. Pesa (Pesa) and Armando Campos (Campos) arrested Hegwood at "Popeyes Restaurant located at 6935 Cermak Road, not at 7111 Cermak Rd. The document also state that Meijer, Inc., "store security... detained Hegwood "with on scene officers including Stefano.

> **RESPONSE: Defendant Stefano objects to Request to Admit Number 3 because it is vague and ambiguous, and does not accurately summarize or state the terms of the document sought to be admitted. Without waiving said objections Defendant Stefano denies request Number 3. Defendant Stefano states that the 6 page Berwyn Police Department Official Sworn Police Report for Incident #16-12181, proffered as Document Number 3, and not labeled as any exhibit, identifies the "Location of the Offense" as occurring at "7111 W CERMAK RD Berwyn, IL 60402" and in the "Primary Narrative" section of the report it states, in relevant part, as follows: "I**

(Defendant Stefano) was dispatched to a retail theft at the Meijer's Store located at 7111 Cermak Rd. While in route, further radio traffic indicated that the offender in the retail theft went into the Popeye's Restaurant located at 6935 Cermak Rd. * * * I detained a subject later identified as Talmon Hegwood (DOB 3/14/1948) near the restaurant's restroom." (Emphasis added.). The 6 page report does not say James Tadrowski, (Tadrowski) Achille Chiappetta, ("Chiappetta) Edward Tovar, (*Tovar) William Messuci, (Massuci) Peter J. Podgorski, (Podgorski) Joseph R. Pesa (Pesa) and Armando Campos (Campos) arrested Hegwood and it does not say that Meijers, Inc. store security detained Hegwood with on scene officers including Stefano.

4.    "OFFICIAL SWORN POLICE REPORT" which is a five (5) page document stating Meijer's loss prevention agent Marcus Anderson "walked in" Berwyn Police Department on August 11, 2015 and handed Kevin Lorr "a packet of some pictures stapled to a receipt as well as a compact disk with footage of a retail theft of "items taken" from Defendant Meijer.

RESPONSE: Defendant Stefano objects to Request to Admit Number 4 because it is vague and ambiguous, and does not accurately summarize or state the terms of the document sought to be admitted. Without waiving said objections, Defendant Stefano denies request Number 4. Defendant Stefano states that the 5 page Berwyn Police Department Official Sworn Police Report for Incident #15-07477, proffered as Document Number 4, and not labeled as any exhibit, was not created by him by states in the "Primary Narrative" section of the report, in relevant part, as follows: "In summary, while assigned to the desk I (Kevin Lorr) met with Marcus Anderson, a loss prevention agent for Meijer Marketplace, 7111 Cermak. Mr. Anderson handed me a packet of some pictures stapled to

3

a receipt as well as compact disc with footage of a retail theft he related occurred on today's date around 10:00 a.m.".

Respectfully submitted,

By: /s/ Michael R. Durkin

±

Andrew Y. Acker
andrew@srd-law.com
ARDC No. 6211620
Michael R. Durkin
mdurkin2@ard-law.com
ARDC No. 6292753
Storino Ramello and Durkin
9501 W. Devon Ave., Suite 800
Rosemont, IL 60018
847-318-9500

4

## CERTIFICATE OF SERVICE

I, Christina Dimopoulos, a non-attorney, on oath states that I served **DEFENDANT CASEY STEFANO'S RESPONSE TO REQUEST FOR ADMISSIONS OF GENUINENESS OF DOCUMENTS** to the individuals whose appearances are on file for this matter along with a hard copy of the foregoing to:

Talmon Hegwood, Jr., Pro Se
4642 S. Michigan, #358
Chicago, Illinois 60653

Talmon Hegwood, Jr., Pro Se
#20170620227-D-2-D-2-N-44
Medical Unit
P.O. Box 089002
Chicago, Illinois 60608

Talmon Hegwood, Jr., Pro Se
#20170620227 RTU H-3
P.O. Box 089002
Chicago, Illinois 60608

Joseph C. Sheahan
Cunningham Meyer & Vedrine, P.C.
One E. Wacker Drive, Suite 2200
Chicago, IL 60601
jsheahan@cmvlaw.com

by inserting a copy thereof in a stamped and properly addressed envelope via certified mailing and regular mail by depositing same in the U.S. mail box at 9501 W. Devon Avenue, Suite 800, Rosemont, Illinois 60018, on the **May 16, 2018**.

/s/ Christina Dimopoulos

Andrew Y. Acker
andrew@srd-law.com
ARDC No. 6211620
Michael R. Durkin
mdurkin2@ard-law.com
ARDC No. 6292753
Storino Ramello and Durkin
9501 W. Devon Ave., Suite 800
Rosemont, IL 60018
847-318-9500

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

TALMON HEGWOOD JR.,
    Plaintiff,

~versus~

                                        NO. 17-cv-02887
                                        Honorable GARY FEINERMAN, J.

MEIJER, INC. and CASEY STEFANO
    Defendants

## AFFIDAVIT OF SERVICE

    Before me, the undersigned authority, did personally appear affiant, TALMON HEGWOOD, JR., known unto me, who first being duly sworn, according to law, upon his oath, did depose and state:
    I HEREBY CERTIFY that I have served a true and correct copy of pleading styled: "MOTION FOR JUDGMENT BY DEFAULT" on

Mr. Andrew Y. Acker, Esq.
Mr. Michael Durkin Esq.
Storino Romello + Durkin
Attorneys-At-Law
9501 West Devon Ave Suite 800
Rosemont, IL 60018

Mrs Amy Joan Thompson, Esq.
Mr. Joseph C. Sheahan, Esq.
Cunningham Meyer + Vedrine
Attorneys-At-Law
One East Wacker Drive Suite 2200
Chicago, IL 60601

Honorable John R. Lausch, Jr.
United States Attorney
U.S. Department of Justice
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Honorable Edwin Eisendrath
Chief Executive Officer
Chicago Sun Times
350 North Orleans
Chicago, IL 60654

by placing same in sealed envelopes, properly addressed and posting same. with the U.S. Postal Service on this the 2nd day of June, 2018 and on or before said date, 2018.
    I DECLARE under penalties of perjury the above is true.

                                     Talmon Hegwood J. 05-22-18
                                      Talmon Hegwood, Jr.

SUBSCRIBED AND SWORN TO
before me, this the 22 day of May 2018.

    Mellcat Ch.
    NOTARY PUBLIC

"OFFICIAL SEAL"
Mellicent Ear
Notary Public, State of Illinois
My Commission Expires 12/5/2018